State *v.* Stoughton et als.

STATE *v.* AUGUSTUS STOUGHTON, THOMAS POPE, EDWARD GORREY, AND GEORGE STOUGHTON.

*Jury.    Peremptory Challenges.    Gen. Sts. c.* 120, *s.* 4.

Every respondent, whether indicted and tried alone or with others, is entitled to the statutory number of peremptory challenges; and, if indicted with others, he waives not that right by consenting to be tried with them.

INDICTMENT for burglary.    Trial by jury, September Term, 1878, PIERPOINT, C. J., presiding.

The facts relative to the question decided are stated by the court.    There were other points of exception, but as they were not considered, they are not stated.

Verdict of guilty as to all the respondents.

*W. L. Burnap* and *R. H. Start*, for the respondents.

The right of peremptory challenge exists at common law. It is merely regulated by statute. It is a personal right; and where

several are tried jointly, their rights are in no way abridged, unless expressly waived. 1 Chit. Crim. Law, 436 ; 1 Bishop Crim. Proced. s. 967 ; *United States* v. *Marchant*, 12 Wheat. 480 ; *State* v. *Fuller*, 39 Vt. 74 ; *Bixbee* v. *State*, 6 Ohio, 86.

*H. S. Peck*, State's Attorney, and *C. S. Palmer*, for the State.

When two or more are jointly indicted and tried together, only the same number of challenges can be allowed to all that are allowed to one indicted and tried alone. *People* v. *Thayer*, 1 Parker, 595.

But if the respondents had a right to a greater number of challenges, they waived it by consenting to be. tried together. 1 Bishop Crim. Law, s. 996 ; 1 Bishop Crim. Pract. s. 969 ; 3 Bl. Com. 350 ; 4 Ib. 353.

The opinion of the court was delivered by

ROYCE, J. The respondents were jointly indicted for the crime of burglary. They severally pleaded not guilty. The State proposed to try them together, but George Stoughton and Gorrey requested the court to allow them to be tried separately from the other respondents. The State objected, and insisted upon their all being tried together. Upon the court suggesting that if a separate trial was granted to them they could not probably all be tried at that term, they withdrew their request, and all the respondents were put on trial jointly. When the jurors were being called, Augustus Stoughton, on his own behalf, peremptorily challenged three of them, and they were excused. Pope, in like manner, challenged two, and they were excused ; and Gorrey, in like manner, challenged one, and he was excused. The panel was then filled up, and George Stoughton, on his own behalf, peremptorily challenged five of the jurors. The State objected to his challenges being allowed, on the ground that the respondents were only entitled to six peremptory challenges, and that number had already been allowed. The court sustained the objection, and ruled that all the respondents together were only entitled to six peremptory challenges. The other respondents claimed the further right of peremptory challenges, and the court

State *v.* Stoughton et als.

made the same ruling upon their claims. The first question presented is upon the exception taken to said rulings.

The right of a party when put upon trial for crimes of this grade, to challenge peremptorily a certain number of the jurors who are being empannelled to try him, is a common-law right, and the various statutes upon the subject are declaratory of the right, and directory as to the way and manner of its exercise. Our statute, c. 120, s. 4, Gen. Sts., gives the right to *every* person who shall be arraigned and put on trial for an offence punishable with death, or by imprisonment in the state prison for a term of seven years or more, to peremptorily challenge six of the jurors. And by s. 7, c. 113, Gen. Sts., the punishment upon conviction for the crime that the respondents were charged with having committed, is imprisonment in the state prison for not more than fifteen years, or a fine of not more than one thousand dollars; so that if the respondents had been put upon separate trials they would each have had the undoubted right to six peremptory challenges. The question is whether they, either of them, lost or waived that right by being tried jointly.

In 2 Hale P. C., 262, it is said that if twenty men were indicted for the same offense by one indictment, yet every prisoner should be allowed his peremptory challenge of thirty-five persons; and if there were but one *venire facias* awarded to try them, the persons challenged by any one should be withdrawn against them all. And in *Swan and Jeffreys' Case*, Foster, 104, the right of the prisoners, who were tried together upon an indictment charging Swan with petty treason and Jeffreys with murder, to separate peremptory challenges, was expressly recognized. And in 1 Chit. Crim. Law, 536, it is said that when the right of challenging exists, though several defendants are tried by the same inquest, each individual has a right to the full number of his challenges; but, if they refuse to join in their challenges, they must be tried separately, in order to prevent the delay which might arise from the whole panel being exhausted.

The right of peremptory challenges was admitted *in favorem vitæ*, and was demandable as a legal right, even in clergyable felonies. The respondents were not entitled to separate trials as

State *v.* Stoughton et als.

a legal right.   It was discretionary with the court whether to grant them separate trials or not ;   and, although it is allowable to require that when respondents are tried jointly they shall join in their challenges, to avoid the delay before alluded to, the court cannot compel them so to do.   It is a right that each respondent is entitled to, and which can only be lost or waived by some voluntary act.   The right of peremptory challenge is of the same practical importance to each as if he were being tried separately ; and by going to trial jointly they do not waive that right.   If the State is not prepared to accord the right to each in a joint trial, it should demand a severance, and try them separately, unless they stipulate to unite in their challenges.   Without such stipulation the court cannot compel them to do so.   There is nothing in the record tending to show that any such stipulation or agreement was entered into, and hence it was error not to allow the peremptory challenges that were demanded.   We have not discovered any other error committed by the County Court.

The exceptions are sustained, verdict set aside, and cause remanded for a new trial.