## BRANDT SMITH *v.* THE STATE.

1. INDICTMENT. *Burglary. Assault and battery. Joining offences.*
   A charge for an assault and battery committed in a house which is broken and entered may be joined in the count for burglary without rendering the indictment double.
2. CRIMINAL PROCEDURE. *Challenges of jurors. Joint trial.*
   If several persons are jointly tried for felony, each is entitled to four peremptory challenges ; and, if all are restricted to four, a conviction of a misdemeanor will be set aside. Code 1871, § 2761.

ERROR to the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

*R. H. Thompson*, for the appellant.

The indictment, which is double, should have been quashed. Each of the defendants was entitled to four peremptory challenges. Code 1871, § 2761 : Proffatt on Jury Trials, § 164 ; 2 Hale P. C. 267, 268 ; 1 Chitty Crim. Law, 536 ; *United States* v. *Marchant*, 12 Wheat. 480 ; 3 Wharton's Crim. Law (6th ed.), § 3195 ; *State* v. *Earle*, 24 La. Ann. 38.

*T. C. Catchings*, Attorney General, for the State.

If prisoners are tried jointly without objection on their part, each is not allowed his full number of challenges. They should object to a joint trial, and apply for a severance, and, if it is refused, each will be entitled to the full number. Proffatt on Jury Trials, § 164. As they were convicted only of a misdemeanor, the question is to be determined without reference to the common law, which only allowed challenges in cases of felony. The indictment is in accordance with the precedents.

GEORGE, C. J., delivered the opinion of the court.

The plaintiff in error was, jointly with several others, indicted for burglariously breaking and entering the house of one Mark Newman, with intent to commit the crime of assault and battery upon said Mark Newman, Nash Deall and Miles King, then and there being; and the indictment also charges that the defendants then and there beat and wounded the three persons before named. A motion was made to quash the indictment upon the ground that it charged two distinct offences — burglary, and assault and battery — in the same count. We do not regard the objection as good. Larceny is held to be properly charged in a count for burglary, upon the ground, as was settled in *Roberts* v. *State*, 55 Miss. 421, "that whether the breaking into the house be burglary or not depends upon the intent; and the act of larceny after the breaking is conclusive proof of the intent with which the breaking was done. The larceny therefore is charged, not as a substantive offence, but as demonstrating the burglarious intent." The same reasoning applies to the case above.

It is next assigned for error that the court refused to allow each of the prisoners who were on trial four peremptory challenges, holding that all of them together were entitled only to four. At common law prisoners were allowed peremptory challenges in trials for felonies only; but it seems to be well settled that, in such trials, in case several defendants are jointly tried, each is entitled to the full number of challenges, as if he had been tried separately. 3 Wharton Crim. Law, § 3194; *United States* v. *Marchant*, 12 Wheat. 480; 2 Hale P. C. 268. Our statute, Code 1871, § 2761, allows four peremptory challenges in trials for misdemeanors, and felonies not capital. The language is, "In all cases not capital, the accused should be allowed four peremptory challenges and the State two." A well recognized rule is, that in construing statutes changing the common law, the latter shall not be considered as altered farther than the plain provisions of the statute require. So far, therefore, as felonies are concerned, we are obliged to hold that no other charge was made, as to peremptory challenges, than reducing their number from thirty-five to four. Regarding this as a trial for felony, though the defendants were acquitted

of the burglary and convicted only of a misdemeanor, as we think we must, it results that the ruling of the court was wrong.

*Judgment reversed and new trial awarded.*