## The State of Kansas v. Frank Durein.

1. PEREMPTORY CHALLENGES, *Number of.* Where two defendants are jointly charged in one information, with a misdemeanor, and being refused a separation are put on trial together, each is entitled to the same number of peremptory challenges he would be entitled to if tried separately.

2. DEFENDANT, *Denied Full Right of Challenge.* Where the record, not setting forth in detail the proceedings in impaneling the jury, simply states that the defendants each demanded that they be allowed four peremptory challenges, which demand the court refused, and ruled that they were both entitled in the aggregate to four and no more, and that in the selection of the jury the defendants used four peremptory challenges, and contains no other statement or recital in reference thereto, and upon the trial one of the defendants was found guilty, and as to the other the jury disagreed, *held*, by a majority of this court, upon appeal by the defendant convicted, that the record sufficiently shows that he was not allowed his full right of challenge.

### Appeal from Shawnee District Court.

INFORMATION, jointly charging *Frank Durein* and *Conrad Kreipe* with unlawful sales of intoxicating liquors. Trial at the May Term, 1882, of the district court, when the jury rendered the following verdict, to wit:

" We, the jury, find the defendant Frank Durein guilty in the nineteenth count as charged in the information, and not

guilty in the other counts as charged in the information; and as to the defendant Conrad Kreipe, we, the jury, are unable to agree."

New trial denied, and judgment upon the verdict, as follows:

"That defendant Frank Durein do pay a fine of one hundred dollars and the costs of this suit, taxed at $168.55; and that said defendant stand committed to the county jail of Shawnee county until said fine and costs are paid."

*Durein* appeals.

*Case & Curtis*, and *Joseph G. Waters*, for appellant.

*A. H. Vance*, county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: The principal question in this case is this: A single information was filed, charging the defendant and one Conrad Kreipe with the sale of intoxicating liquors contrary to law. When the case was called for trial they demanded separate trials, which demand was refused. A jury being called, each defendant demanded four peremptory challenges, the number he would be entitled to if tried separately. The court refused this demand. The jury found appellant guilty, and disagreed as to his co-defendant. Now the error complained of is the ruling of the court refusing to allow to each defendant four peremptory challenges. Counsel for the state object that the record does not fairly present this question, or show any error in the ruling of the court. The bill of exceptions does not purport to set out all the details of the impaneling of a jury. It simply states in general terms what was done. After reciting the plea of not guilty, it reads as follows:

"That thereupon a jury of twelve men were called and sworn to try the case; that upon the selection of the jury the defendant and the said Kreipe each demanded of the court that they each be allowed and given four peremptory challenges; that they each be allowed and given four peremptory challenges for each offense charged in the information; all

44—29 KAS.

and every part of which demands the court refused and would not allow, and restricted and set the number of peremptory challenges to which the defendant and the said Kreipe were both entitled in the aggregate at four, and no more; and to all which refusals and rulings of the court, and every part thereof, the defendant and the said Kreipe each then and there excepted. That in the selection of the said jury the defendant and the said Kreipe used four peremptory challenges."

Nothing further appears in the record in respect to the matter. Now upon this, two questions arise: 1. Is a defendant in a criminal action, when tried jointly with others, entitled to the same number of peremptory challenges he would be entitled to if tried separately, or must he share his right of challenge with his co-defendant? 2. If personally and separately entitled to the full number of challenges, does the record show that such right was infringed upon?

The statute, (Comp. Laws 1879, p. 755, § 198,) reads: "The defendant in every indictment or information shall be entitled to a peremptory challenge," etc. Now does this mean that each defendant is so entitled, or that all the defendants as a body are so entitled? Whatever doubts might arise from a mere reading of this language, we think it is well settled by abundant authority and in accord with the dictates of natural justice, that this right of challenge shall be regarded and enforced as a personal right of the individual. Blackstone, in his Commentaries, book 4, page 353, thus states the foundation and ground of peremptory challenges:

"But in criminal cases, or at least in capital ones, there is *in favorem vitæ*, allowed to the prisoner an arbitrary and capricious species of challenge to a certain number of jurors, without showing any cause at all, which is called a *peremptory* challenge; a provision full of that tenderness and humanity to prisoners for which our English laws are justly famous. This is grounded on two reasons: (1) As everyone must be sensible what sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another, and how necessary it is that a prisoner (when put to defend his life) should have a good opinion of his jury, the want of which might totally disconcert him, the law

wills not that he should be tried by any one man against whom he has conceived a prejudice, even without being able to assign a reason for such, his dislike; (2) because upon challenges for cause shown, if the reason assigned prove insufficient to set aside the juror, perhaps the bare questioning his indifference may sometimes provoke a resentment, to prevent all ill-consequences from which, the prisoner is still at liberty, if he pleases, peremptorily to set him aside."

Now in order to give full scope and effect to these reasons, it is essential that the right of challenge be regarded and enforced as the personal right of each individual defendant. In 3 Wharton on Criminal Law, § 3136, the author says:

"The right to challenge a juror, as has been observed, is a right to reject — not to select; and therefore neither of two defendants in an indictment on a joint trial has cause to complain of a challenge by the other."

In the case of *The United States v. Marchant*, 12 Wheat. 480, in the opinion of the supreme court, pronounced by Mr. Justice Story, it is said:

"Upon a joint trial, each prisoner may challenge his full number, and every juror challenged as to one is withdrawn from the panel as to all the prisoners on the trial; and thus, in effect, the prisoners in such a case possess the power of peremptory challenge to the aggregate of the numbers to which they are respectively entitled. This is the rule clearly laid down by Lord Coke, Lord Hale, and Serjeant Hawkins, and indeed by all the elementary writers."

In the case of *The State v. Stoughton*, 51 Vt. 362, it was held, that one, indicted with others, does not waive his right to the statutory number of peremptory challenges by consenting to be tried with them. If one consenting to a joint trial does not waive this right, *a fortiori*, one who is compelled against his will to a joint trial ought not to be deprived of it. In the case of *Cruce v. The State*, 59 Ga. 83, it was held by a majority of the court that each of two defendants jointly tried was entitled to the full number of peremptory challenges. (See also *Smith v. The State*, 57 Miss. 822; *Bixbee v. The State*, 6 Ohio, 86; *Mahan v. The State*, 10 Ohio, 233; 1 Bishop Cr. Pro., § 967.) In the case of *Stroh v. Hinchman*,

37 Mich. 490, it was held under a statute such as Mich. Comp. Laws, 6027, that in all civil cases each party may challenge peremptorily two jurors; and when several defendants unite in one plea and defense, and appear by the same counsel, two challenges to all the defendants are all that need be allowed. But where two defendants sever in pleas, and appear by different counsel to litigate antagonistic defenses, each must be deemed a "party" within the enactment, and entitled to two challenges. (See also, as bearing somewhat on the question, the following authorities: *Sodousky v. McGee*, 4 J. J. Marsh. 267; *Reynolds v. Rowley*, 2 La. An. 890; *Stone v. Segur*, 11 Allen, 568; *Hill v. State*, 2 Yerg. 246; *Blackburn v. Hays*, 4 Coldw. 227; *Wiggins v. State*, 1 Lea, [Tenn.,] 738.) So that, whatever would be the rule in civil cases, (and probably the construction placed by the Michigan court upon its statute would be a fair interpretation of our own,) we think that in criminal cases a defendant, though jointly tried, is not thereby deprived of his individual right to make the full number of peremptory challenges.

Does the record show that this right was infringed upon? Counsel for the state contends that it is not affirmatively shown that either defendant desired peremptorily to challenge any other juror, or was not fully satisfied with the jury as it was finally sworn; and further, that it does not appear that all of the four challenges actually made were not made by and at the instance of this defendant; and that if he had all that he was entitled to, it matters not to him whether his co-defendant was deprived of all right of challenge, or not.

The writer of this opinion is inclined to think this claim of counsel is correct; that as error is not to be presumed, but must be shown, it should affirmatively appear that this defendant, the only one complaining, offered or desired to challenge another juror, or that all the four challenges actually made were not made by him, or at his separate instance. For aught that appears, every one of these challenges may have been made by appellant, and Kreipe may be in fact the only one prejudiced by the ruling of the court. Hence the writer

thinks the judgment should be affirmed.   But his associates
are of a different opinion.   They hold that there was one dis-
tinct ruling of the court denying the claim of four peremptory
challenges by each defendant, a ruling duly excepted to; that
after such ruling it was unnecessary, and would have been
discourteous, for either defendant to go through the form of
insisting upon a further challenge, the four allowed by the
court having been exhausted; and that the statement that
they used four challenges implies that each defendant, sepa-
rately as well as jointly, desired and insisted upon the exclu-
sion from the panel of the challenged jurors.   Hence they
hold that the rule of law discussed in the former part of this
opinion was disregarded, and that for this error the judgment
should be reversed, and the case remanded for a new trial.
It is so ordered.

All the Justices concurring.