PEOPLE v. WELMER.

CRIMINAL LAW—JOINT DEFENDANTS—PEREMPTORY CHALLENGES.
Where persons jointly charged with a misdemeanor are tried together, each is entitled to the same number of peremptory challenges he would have had if separately tried.

Exceptions before judgment from Hillsdale; Lane, J. Submitted June 18, 1896. Decided July 21, 1896.

Fred Welmer and Warren Briggs were convicted of violating the local option law. Reversed.

*F. H. Stone* and *Frankhauser Bros.*, for appellants.

*Guy M. Chester*, Prosecuting Attorney, for the people.

LONG, C. J. This case comes to this court from the Hillsdale circuit on exceptions before sentence. The respondents were charged with the violation of the local option law of that county, and, on a trial before a jury, were convicted. The only point we need consider is the refusal of the court to allow to each respondent the number of peremptory challenges to jurors each would be entitled to if tried separately. After the defense had challenged five of the jurors peremptorily, and such jurors had been excused by the court, they then challenged one more juror peremptorily, and sought to excuse him from sitting in the case. This was overruled by the court, and the juror thus challenged was permitted to sit in the case. The parties were jointly charged.

The statute provides that—

"In all civil cases each party may challenge peremptorily four jurors; and in all prosecutions in the name of the people of this State, not otherwise especially provided for, the attorney appearing for the people may challenge

four jurors peremptorily, and the defendant may challenge five persons peremptorily." 2 How. Stat. § 7607.

The rule in criminal cases is well settled in this State as to the number of peremptory challenges to which of right each respondent is entitled. In *Stroh* v. *Hinchman*, 37 Mich. 490, Mr. Justice COOLEY, after speaking of the rule in civil cases, quotes from *Sodousky* v. *McGee*, 4 J. J. Marsh. 267, as follows:

"In criminal cases, if several persons be tried on a joint indictment by the same jury, each has a separate and independent right to his challenges, whether peremptory or for cause, because, although the trial is joint in form, it is in substance and effect several. The verdict must be several. Each must be punished according to his own guilt, and not according to that of another; and the punishment is individual and several, not joint. There can be no contribution, no substitution."

Section 2283*b*5, 3 How. Stat., being section 16 of the local option law, provides for a minimum and maximum punishment. It is to be, for the first offense, a fine of not less than $50 nor more than $200 and costs of prosecution, or imprisonment in the county jail not less than 20 days nor more than 6 months, in the discretion of the court. By this section the offense is made a misdemeanor. The offense being made a misdemeanor by this section of the statute, the parties could not have separate trials, except by order of the court, under the provisions of section 9573, 2 How. Stat., as in all cases except felony the right of separate trial to the respondents is left in the discretion of the court. The court was in error in refusing to each respondent the number of peremptory challenges he would have been entitled to if separately tried. *Bixbe* v. *State*, 6 Ohio, 86; *Mahan* v. *State*, 10 Ohio, 233; *State* v. *Durein*, 29 Kan. 688.

The verdict must be set aside, and a new trial ordered.

The other Justices concurred.