THE STATE OF KANSAS v. HENRY DREANY *et al.*

No. 12,916. ( 69 Pac. 182.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Information Charging Conspiracy—Joint Defendants.* In an information charging a criminal conspiracy in the entering into an agreement in restraint of trade, and in restraint of competition in trade, and in pooling and fixing the price of an article of trade or commerce, it is necessary to aver the names of all parties to such conspiracy known to the prosecution, but it is not essential to the sufficiency of the information that all such parties be jointly charged with the commission of the offense.

2. —————— *Peremptory Challenges by Joint Defendants—Challenges by The State.* Each defendant jointly tried on a criminal charge is entitled peremptorily to challenge the number of jurors permitted by statute in such case, but the number of peremptory challenges allowed the state is not thereby augmented, but remains the same whether the number of defendants on trial is one or many.

3. —————— *Rights of Defendant on Trial—Private Stenographer.* A defendant placed upon his trial, charged with the commission of a crime, is entitled to a fair and impartial public trial, to be represented by counsel, and to the services of a clerk or stenographer to assist such counsel in the preparation of the defense, if desired by the defendant, and it is error to deprive a defendant of such right.

4. —————— *Parol Evidence—Contents of Paper in Possession of Defendant.* Upon a prosecution for a criminal conspiracy in restraint of trade or commerce, or in restraint of competition in trade or commerce, or in pooling and fixing the price of an article of trade or commerce, parol evidence is admissible to prove the contents of a written agreement alleged to have been entered into in furtherance of such conspiracy, when the existence and execution of such agreement has been established, and it is shown that such agreement is not in the possession, or under the control, of the prosecution and the state cannot secure or compel its production.

5. —————— *Criminal Conspiracy—Proof Necessary to Convict.* Before a defendant may be convicted on a charge of criminal conspiracy, it must be shown that he knew of, and participated in, such conspiracy.

Appeal from Rush district court; J. E. ANDREWS,

judge.   Opinion filed June 7, 1902.   *In banc.*   Reversed.

*A. A. Godard*, attorney-general, *J. W. McCormick*, county attorney, and *H. L. Anderson*, for The State.

*E. C. Cole*, *W. H. Russell*, and *Sam'l Jones*, for appellants.

The opinion of the court was delivered by

POLLOCK, J.: Appellants Henry Dreany, the vice-president, treasurer, and general manager, and J. F. Shotts, the president, of the La Crosse Lumber and Grain Company, a corporation, were arrested and tried upon a charge of combining and entering into an unlawful agreement with others named to pool and fix the price to be paid for grain at the town of Bison, Kan.   This appeal is prosecuted from a judgment of conviction.   Many grounds of error are assigned.   We shall refer only to such as are deemed material to the issue.

It is first contended by counsel for appellants that the information is fatally defective and should have been quashed because all those who are alleged to have entered into the unlawful combination, in so far as known by the prosecuting officer of the state, should have been jointly charged in the information; and because neither the terms of the agreement entered into nor its nature are pleaded.   This being a prosecution for a conspiracy in restraint of trade, the information should allege the names of all those parties to the conspiracy known to the prosecuting officer.   This the information does allege.   But while this is true, it is not incumbent upon the prosecution jointly to charge all those alleged to have participated in the unlawful undertaking.   ( *Heine v. Commonwealth*, 91

Pa. St. 145; *People v. Richards*, 67 Cal. 412, 7 Pac. 828, 56 Am. Rep. 725; *United States v. Henry Miller*, 3 Hughes [U. S.] 553, Fed. Cas. No. 15,774, 56 Am. Rep. 724.) The information alleged:

"Defendants did then and there unlawfully enter into an agreement, contract and combination in the county and state aforesaid in the name of the La Crosse Lumber and Grain Company aforesaid, with divers and sundry other persons, partnerships, companies, and corporations, to wit: (naming them), who were at the said time and place competitive grain buyers and dealers at Bison, Rush county, Kansas, . . . which said agreement, contract and combination was designed and entered into with the intent then and there and thereafter to establish, settle and fix the price the said grain dealers and buyers should pay for grain at said place, to divide the net earnings and proceeds of said grain buyers and dealers at said place, and to prevent competition between said grain dealers and buyers in the purchase, sale and transportation of grain by the said grain buyers and dealers at said place."

We are of the opinion these allegations contain a sufficient statement of the persons confederating together, and the nature of the contract entered into, fully to apprise defendants of the nature and character of the offense charged, and that the motion to quash was properly overruled.

Under the provisions of the criminal code, defendants jointly tried were each entitled to challenge peremptorily four jurors. (*The State v. Durein*, 29 Kan. 688.) At the trial, there were contended for by the prosecution, and the court awarded to the state, two peremptory challenges for each defendant on trial. Counsel for appellant insist that this is error. With this insistence we agree. The criminal code, section 198 (Gen. Stat. 1901, § 5640), provides:

"The defendant in every indictment or information

shall be entitled to a peremptory challenge of jurors in the following cases, as follows :  .  .  .  *Fourth.* In cases not punishable with death or imprisonment in the penitentiary, to the number of four, and no more.''

Section 199 (Gen. Stat. 1901, § 5641) provides :

''In all criminal trials the state may challenge peremptorily half the number of jurors allowed the defendant by the preceding section.''

Mr. Thompson, in his work on Trials, volume 1, section 45, says :

''Although the defendants, so jointly indicted, may severally be permitted the statutory number of challenges, this does not increase the *number allowed to the state* beyond the number allowed to it in the case of a single defendant.   The prosecution cannot complain of this, since it is a matter of its own choice to proceed against the defendants jointly, when it might have proceeded against them severally.''

The authorities in states having statutory provisions somewhat similar to our own fully support this rule. (*Mahan et al. v. State of Ohio*, 10 Ohio, 232 ; *Savage and James v. The State*, 18 Fla. 909 ; *State v. Earle and Garvey*, 24 La. Ann. 38, 13 Am. Rep. 109 ; *State of Louisiana v. Jean Gay*, 25 id. 472 ; *Wiggins v. The State*, 1 Lea [Tenn.] 738 ; *Schoeffler v. The State of Wisconsin*, 3 Wis. 717.)

Again, the record shows that at the trial counsel for defendants were accompanied by the official court stenographer of the twentieth judicial district, acting in the capacity of a private stenographer for counsel, employed by defendants for the purpose of taking notes of the testimony and performing other clerical matters in the progress of the trial for the use of counsel for defendants.   Upon objection made by the county attorney, such private stenographer was refused by

the court permission to take notes in open court of the evidence of witnesses and other matters occurring in the progress of the trial. This was error. It is the right of one put upon trial for a criminal offense to have a public trial, to be represented by counsel, and in all things to have opportunity for a full and fair investigation of the charge brought against him, and to prepare for and present his defense thereto. If, in the progress of this trial, counsel for defendants desired the services of a private stenographer or clerk to assist them in the discharge of their duties, defendants had the right to employ such assistant, and had the right to his presence in the court-room and his aid during the trial. It is error to deny such right, if request therefor is made, as in this case, in a proper manner, and such request is reasonable, and the person so employed demeans himself properly toward the court. As tending to support this position, see *People v. Hartman*, 103 Cal. 242, 37 Pac. 153 ; *People v. Murray*, 89 Mich. 276, 50 N. W. 995, 14 L. R. A. 809, 28 Am. St. Rep. 294.

Again, it is contended that the court erred in the reception of parol evidence as to the contents of the written agreement executed by the parties alleged to have participated in the conspiracy. It appears from the record that the county attorney served notice on defendants to produce this written agreement at the trial. It does not appear that such writing was in the possession, or under the control of defendants. It does appear that the written instrument was not in the possession, or under the control, of the prosecuting attorney. It is clear that if such writing were shown to be in the possession of the defendants they could not be compelled, by notice or otherwise, to produce it as evidence to be used in a prosecution against them.

It is further apparent that if such writing were shown to be in the possession of defendants it would be as completely lost to the prosecution, so far as any power existed to procure it as evidence upon the trial, as though it were lost or destroyed altogether; and in such case parol evidence of its contents has been held admissible by this court. ( *The State v. Gurnee*, 14 Kan. 111.) As the writing in question was not in the possession, or under the control, of the prosecution, and as it was not within the power of the state to produce it at the trial, we are inclined to the opinion that it was not error to receive secondary evidence of its contents, after proof duly made of its existence and execution. Mr. Wharton, in his work on Criminal Evidence ( 8th ed.), section 216, says :

"In criminal issues, the fact that the indictment charges the defendant with stealing, or in other way misappropriating a particular document, is a sufficient notice to the defendant to produce the document; and under such circumstances, parol evidence of the document is admissible without due notice to produce. Nor is it necessary that the indictment should aver the loss or destruction of the document. The same rule has been applied under an indictment for administering an unlawful oath to enable the prosecution to prove by parol the paper from which the oath was read without notice to produce the paper."

Again, it is contended that the evidence was wholly insufficient to warrant a conviction of defendant Shotts. It was admitted upon the trial that he was the president of the La Crosse Lumber and Grain Company. It was not shown, however, that he was present at any meeting of the parties preliminary to the making of the unlawful agreement. He did not sign the same, and it was not shown that he had any knowledge of the unlawful agreement or

in any way actively participated in the matter. Nor was it shown that the agreement was signed by the corporation of which he was the president. The evidence was therefore utterly insufficient to connect him with the guilty transaction or to sustain a conviction against him.

Other errors are assigned, but as they are such as will probably not recur upon a further trial, they need not be considered.

It follows that the judgment must be reversed, with directions to grant defendant Dreany a new trial and to discharge defendant Shotts. It is so ordered.

All the Justices concurring.