PEOPLE *v.* CARUSO.

1. CRIMINAL LAW—TRIAL—CHALLENGES.
   Joint respondents tried together on a criminal charge are each entitled to five peremptory challenges, as if they were tried separately. 3 Comp. Laws, § 10238.

2. SAME—STATUTES—WAIVER.
   The election of respondents to be tried jointly instead of separately, under 3 Comp. Laws, § 11956, does not waive their right to challenge five talesmen each.

Error to St. Clair; Tappan, J. Submitted April 18, 1912. (Docket No. 131.) Decided May 3, 1912.

·Luigi Caruso and Ignatio De Martino were convicted of larceny. Reversed.

*Thomas H. George,* Prosecuting Attorney, for the people.

*Navin, Sheahan & Kennary,* for respondents.

STONE, J. The respondents were jointly charged with the larceny of three horses, in violation of the provisions of section 11595, 3 Comp. Laws. The respondents were tried together, and were represented by the same counsel. After five jurors had been peremptorily challenged by respondents' counsel and excused by the court, respondents' counsel peremptorily challenged William Hyde, one of the twelve jurors then sitting. The court overruled this sixth peremptory challenge, respondents' counsel duly excepted, and Juror Hyde sat as one of the twelve jurors who tried the case.

The record upon the subject of the said peremptory challenge is very brief. After respondents' counsel had exercised five peremptory challenges, and the panel was again filled, the following occurred:

"*Prosecuting Attorney:* This jury is satisfactory.
"*Mr. Kennary:* I will excuse Mr. Hyde.
"*The Court:* Not peremptorily. You have had your five.
"*Mr. Kennary:* An exception to the court's ruling.
"*The Court:* Swear the jury."

After the jury had rendered their verdict of "guilty as charged," respondents' counsel moved to set aside the verdict and to grant a new trial, on the ground of the refusal of the court to allow and sustain the sixth peremptory challenge; it appearing that the juror so peremptorily challenged sat in the trial of the case. This motion was denied, the court filing its reasons for such denial, to which

counsel for respondents duly excepted, and the court later sentenced the respondents to the Marquette prison.

The respondents have brought the case here on writ of error, and the sole question raised by the assignments of error and presented is whether the trial court erred in overruling said sixth peremptory challenge. In giving his reasons for denying the motion for a new trial, the circuit judge said:

"In the case at bar, Mr. Kennary, and he alone, spoke for both respondents during the selection of the jury, and throughout the entire trial. During the selection of the jury, and in announcing each of the five peremptory challenges above specified, he gave no intimation to the court, directly or indirectly, that he did not intend each peremptory challenge for both defendants. He gave the court no intimation or information that he challenged the five jurors in part for Caruso and in part for De Martino. At the time of the making of the sixth challenge to the juror, Mr. Hyde, Mr. Kennary made no claim, and gave no intimation that the sixth peremptory challenge was made, or that any additional peremptory challenges were claimed because of the fact that respondents were being tried jointly. At no time during the trial did either respondent request to be tried separately, either personally or through their attorney. * *. * By virtue of this statute, it was optional with each defendant and with him alone whether or not he be tried by a separate jury. By exercising this option the two defendants would have been tried by two juries, 24 jurors. By remaining silent they have elected to be tried by a single jury, 12 jurors. It is a grave question, undetermined in this State, if a waiver of the right to be tried by a separate jury in case of felony does not operate as a waiver of the right to five additional peremptory challenges that accompany such separate trial.'

The claim of the respondents is based upon the ground that each of the respondents was entitled to five peremptory challenges. The statute granting the right to peremptory challenges is as follows (section 10238, 3 Comp. Laws):

"In all civil cases each party may challenge peremp-

torily four jurors, and in all prosecutions in the name of the people of this State, not otherwise especially provided. for, the attorney appearing for the people may challenge four jurors peremptorily, and the defendant may challenge five persons peremptorily.

By section 11956, it is also provided as follows:

"When two or more defendants shall be jointly indicted for any felony, any one defendant requiring it shall be tried separately; and in other cases, defendants jointly indicted shall be tried separately or jointly, in the discretion of the court."

It is the claim of counsel for respondents that the question here involved has been settled by this court in the cases of *Stroh* v. *Hinchman*, 37 Mich. 490, and *People* v. *Welmer*, 110 Mich. 248 (68 N. W. 141). The case of *Stroh* v. *Hinchman*, *supra*, was a civil case against two defendants, who pleaded separately by different counsel, and it was held that each defendant was entitled to the two peremptory challenges then allowed by statute. Chief Justice COOLEY, in the opinion, quoted with approval the following language from the case of *Sodousky* v. *McGee*, 4 J. J. Marsh. (Ky.) 267:

"In criminal cases, if several persons be tried on a joint indictment by the same jury, each has a separate and independent right to his challenges, whether peremptory or for cause; because, although the trial is joint in form, it is in substance and effect several. The verdict must be several. Each must be punished according to his own guilt, and not according to that of another; and the punishment is individual and several, not joint. There can be no contribution, no substitution. Hence, to avoid the inconveniences which would result from separate challenges in the same trial, it is the practice of courts of criminal jurisdiction to order separate trials, unless the parties jointly indicted will waive their right to separate challenges."

The *People* v. *Welmer*, *supra*, was a criminal case in which two respondents were jointly charged with the violation of the local-option law, a misdemeanor. The doctrine of that case is that, where two persons jointly charged

with a misdemeanor are tried together, each is entitled to the same number of peremptory challenges he would have had if separately tried.   In that case reference is made to *Stroh* v. *Hinchman, supra.*

It is the claim of counsel for the people that the doctrine of *People* v. *Welmer, supra*, does not apply in the instant case, because there the parties could not have had separate trials, except by order of the court, under the provisions of the statute; whereas, here the respondents could have had separate trials had either of them required or demanded it, and that, by waiving the right to separate trials, they have waived their right to separate and distinct challenges.   We think that the position here taken by counsel for the people raises the vital question in the case.   Either of the respondents could have required a separate trial.   Neither of them having done so, have they both waived their right to separate challenges?   We may take notice that in actual practice a joint respondent frequently prefers a joint trial, believing that his chances of acquittal will be greater than in a separate trial.   Respondents are frequently antagonistic to each other.   Does the failure of one of two respondents to require a separate trial operate as a waiver of both to the right of separate challenges?   Really the verdict must be several.   Each must stand upon the merits of his own case.   There is much force in the language of the quotation from *Sodousky* v. *McGee, supra:*

"Hence, to avoid the inconveniences which would result from separate challenges in the same trial, it is the practice of courts of criminal jurisdiction to order separate trials, unless the parties jointly indicted will waive their right to separate challenges."

There is no claim in this case that either of the respondents expressly waived his right to separate peremptory challenges.   It is claimed that there was an implied waiver only.   We are of the opinion that such waiver cannot be implied from the mere fact that one of them failed to require a separate trial.   In 17 Am. & Eng. Enc.

Law (2d Ed.), at page 1182, the following language is used:

"Unless the statute expressly or impliedly provides the contrary, a defendant who is tried jointly with others is entitled to the same number of peremptory challenges as if he were tried alone; and such has been the construction of statutes giving a certain number of challenges to 'every person' indicted, providing that the State and the defendant shall each be entitled to challenge a certain number, or authorizing the 'defendant' to challenge a certain number."

Many cases are cited in support of the text. In *State v. Stoughton*, 51 Vt. 362, which was an indictment for burglary against four respondents, it was held that every respondent, whether indicted and tried alone or with others, is entitled to the statutory number of peremptory challenges; and, if indicted with others, he waives not that right by consenting to be tried with them. In *State v. Durein*, 29 Kan. 688, there is a learned opinion by Justice Brewer, afterwards an associate justice of the Supreme Court of the United States, to the same effect. It is there held that it is essential that the right of challenge be regarded and enforced as the personal right of each individual defendant, and many cases are cited. Counsel for the people have called our attention to the following cases: *State v. Reed*, 47 N. H. 466; *People v. McCalla*, 8 Cal. 301. In the case last cited the matter of challenges is regulated by a statute, which provides as follows:

"Where several defendants are tried together, they are not allowed to sever their challenges, but must join therein." C. L. p. 464, § 327.

And it was held that this statute applied as well to peremptory challenges as to challenges for cause. In our opinion the great weight of authority, both English and American, is to the effect that in criminal cases each defendant is entitled to his separate peremptory challenges, and, in the absence of any express waiver, that right is in no way abridged or affected by a joint trial. An exami-

nation of the printed record in *People* v. *Welmer, supra,* discloses the fact that the same reasons given by the circuit judge in the instant case, limiting the joint respondents to five peremptory challenges, in denying the motion for a new trial, were urged in that case. We are of opinion that the doctrine of the *Welmer Case* is applicable to this case, and has been so understood by the profession generally.

We are constrained to reverse the conviction and judgment, and grant a new trial. The respondents will be remanded to St. Clair county, to be committed until bailed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, BLAIR, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.