The State of Kansas, *Appellee,* v. Curtis Stokley and William Williams, *Appellants.*

No. 18,416.

SYLLABUS BY THE COURT.

1. Criminal Trial—*Joint Defendants—Jury—Peremptory Challenges.*  In criminal cases each one of several defendants jointly tried is entitled to the full number of peremptory challenges allowed a single defendant when tried alone, and the right is not lost by failure to demand a separate trial.

2. ———— *Same.*  Under the circumstances stated in the opinion it is held that prejudicial error in denying the right is made to appear.

Appeal from Stafford district court. Opinion filed December 7, 1912. Reversed.

*A. C. Malloy,* and *F. Dumont Smith,* both of Hutchinson, for the appellants.

*John· S. Dawson,* attorney-general, *Ray H. Beals,* county attorney, and *Paul R. Nagle,* of St. John, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Curtis Stokley, William Williams and George Tindle were jointly charged with the crime of perjury. Separate trials were not demanded and the trial resulted in the conviction of Stokley and Williams and the acquittal of Tindle. The convicted defendants appeal and allege error because the three defendants were confined to the same number of peremptory challenges of jurors as if there had been but one. The statute reads as follows:

"The defendant in every indictment or information shall be entitled to a peremptory challenge of jurors in the following cases, as follows: . . . Third, in any other case punishable by imprisonment in the penitentiary, to the number of six and no more." (Crim. Code, § 198.)

Statutes of this character are variously construed. It is held that each defendant has the right to the same number of challenges as if he were tried alone, that the defendants have jointly only the number of challenges allowed a single defendant, and that the greater or the lesser number shall be allowed, depending on whether or not separate trials have been demanded. (24 Cyc. 359.) The subject was fully considered in the case of *The State v. Durein,* 29 Kan. 688. The reasons for permitting peremptory challenges were stated, and it was said that in order to give full scope to such reasons it is essential that the right of challenge be regarded and enforced as the personal right of each

defendant.   The texts and decided cases holding that each of several defendants jointly tried is entitled to his full number of challenges were quoted and cited and the conclusion of the court was stated as follows:

"In criminal cases a defendant, though jointly tried, is not thereby deprived of his individual right to make the full number of peremptory challenges."   (p. 692.)

It is true that in the Durein case, as the syllabus shows, the convicted defendant asked for a separate trial, which was refused, but this fact was considered by the court as merely additional to the fundamental grounds upon which the decision was rested, the question for determination being stated in the opinion as follows:

"1.   Is a defendant in a criminal action, when tried jointly with others, entitled to the same number of peremptory challenges he would be entitled to if tried separately, or must he share his right of challenge with his codefendant?"   (p. 690.)

In the case of *The State v. Dreany,* 65 Kan. 292, 69 Pac. 182, several defendants were jointly tried.   Each defendant was allowed four challenges, the number appropriate to the character of the case.   The question was as to the number the state should have, the statute providing that in all criminal trials the state may challenge peremptorily one-half the number of jurors allowed the defendant.   (Crim. Code, § 199.) To decide this question it was necessary for the court to declare the number of challenges to which the defendants were entitled.   The syllabus reads as follows:

"Each defendant jointly tried on a criminal charge is entitled peremptorily to challenge the number of jurors permitted by statute in such case, but the number of peremptory challenges allowed the state is not thereby augmented, but remains the same whether the number of defendants on trial is one or many."   (Syl. § 2.)

After six peremptory challenges had been exercised on the part of the defense, the attorney for the state requested that the defendants' attorneys indicate, and that the record be made to show, the particular challenges of each defendant. The court said the record would show the fact, the rule having been settled that several joint defendants are entitled to the same number of challenges as if only one were on trial. An exception was taken and the defendants did not offer to challenge further. Several jurors were sworn whom the defendants had unsuccessfully challenged for cause.

It will be observed that counsel for the state did not take the position that each defendant had in fact joined in each challenge already made. Neither did the court take that position, but the ruling was that the law allowed the three defendants but six challenges altogether. This shows the understanding of the matter at the time, and the record, which is otherwise indifferent, should be interpreted accordingly as disclosing that each defendant had not actually exercised six peremptory challenges. The exception to the court's ruling cutting the defendants off from further peremptory challenge while a number of jurors were about to be sworn whose competency had been denied by challenge for cause shows that the defendants did not waive their statutory rights. It was not necessary to badger the court by proposing additional challenges.

Under the circumstances stated prejudicial error is made to appear. Substantially the same state of facts was presented in the case of *The State v. Durein,* 29 Kan. 688, already referred to, and the decision in that case has stood too long, both as a declaration of the law and as a guide to professional conduct, to be overruled.

The duly authenticated transcript of the record is allowed to be filed, and under all the circumstances the state is regarded as not contesting the fact that only

six peremptory challenges were exercised by the de-
fendants.

The judgment of the district court is reversed and
the cause is remanded with direction to grant a new
trial.