LEVYN v. KOPPIN.

1. TRIAL—JURY—CHALLENGES, NUMBER OF—JOINT PARTIES.

On the trial of a negligence case brought against two joint defendants, each is entitled to four peremptory challenges. 3 Comp. Laws, § 10238 (5 How. Stat. [2d Ed.] § 12944).

2. EVIDENCE—OPINIONS—EXPERT TESTIMONY—CONCLUSIONS.

In an action for negligently colliding with decedent, who was proceeding to the curb from a street car from which he had alighted, and who was struck by an automobile owned by one of the defendants and which the other defendant was driving, the trial court committed no error in refusing to admit evidence of one of the plaintiff's witnesses that decedent had no opportunity to get out of the way of the car, or that there was nothing which he could have done to avoid the injury, the questions calling for conclusions.

3. AUTOMOBILES—MOTOR VEHICLE LAW—NEGLIGENCE—SPEED.

Whether in a business district or in a residence district, the driver of an automobile who sees a pedestrian in the street ahead, is required to slow down and reduce his speed to 10 miles an hour, and to give reasonable warning of his approach, taking every reasonable precaution to insure the safety of such person. Act No. 318, Pub. Acts 1909 (2 How. Stat. [2d Ed.] §§ 2487, 2493).

4. SAME—NEGLIGENCE PER SE.

Violation of the provisions of Act No. 318, Pub. Acts 1903, in this respect, amounts to negligence per se.

5. SAME.

A charge to the jury that advised them if they found that the defendant operated his car in such manner as an ordinarily careful and prudent person would, when the accident occurred, plaintiff could not recover, omitted from consideration the point that the defendant was negligent if he violated the statute.

6. SAME—CONSTITUTIONAL LAW—TRIAL.

The section of the statute creating a liability against the

owner of the automobile in case of an injury being un-
constitutional (*Daugherty* v. *Thomas*, 174 Mich. 371 [140
N. W. 615, 45 L. R. A. (N. S.) 699]), the court properly
directed a verdict for the owner, who was not in the car
at the time of the accident.

Error to Wayne; Van Zile, J. Submitted October
14, 1914. (Docket No. 16.) Decided December 18,
1914.

Case by William M. Levyn and another, as executors
of the estate of Jacob Levyn, deceased, against Henry
S. Koppin and William E. Kludt for negligently killing
said testator. Judgment for defendant Kludt on a
directed verdict and for defendant Koppin on the find-
ing of the jury. Plaintiffs bring error. Reversed as
to said Kludt.

*Selling & Brand,* for appellants.

*John E. Moloney* and *Frank W. Atkinson,* for ap-
pellees.

KUHN, J. A clear and concise statement of this
case, distinct from argument, is set forth in defend-
ant's brief as follows:

"The plaintiff alighted from the front end of a
Woodward Avenue car going north, at the corner of
Martin Place, with the intention of proceeding east
to the east curb of Woodward avenue, and thence
along Martin Place to Harper Hospital. Somewhere
between the car track and the east curb he was struck
by an automobile driven by defendant Koppin, and
as a result of the injuries received, he died.

"The claim of the plaintiff is that Mr. Levyn had
gone but two or three steps towards the east curb
when he was struck by the automobile driven by de-
fendant Koppin, who had not given warning of his
approach, and was driving the automobile at a rate
of speed of from 20 to 25 miles an hour, and that
Mr. Levyn was exercising due care and was without

negligence on his part. It is the claim of defendant Koppin that, on approaching the street car from which Mr. Levyn alighted, he came to a full stop; that Mr. Levyn alighted from the car at practically the same time he started his automobile, and had proceeded east almost to the east curb of Woodward avenue and past the path of his automobile, when he jumped back into the path of the automobile and was struck; that he gave due warning of his approach by blowing his horn. Testimony was introduced by the respective parties to substantiate their claims, and the case was submitted to the jury as against defendant Koppin, and a verdict of no cause of action was rendered."

A motion for a new trial being denied by the court, the plaintiffs bring the case here by writ of error, and the assignments of error are grouped by counsel as follows:

"(1) Permitting the defendants eight peremptory challenges instead of four.

"(2) Error in sustaining objections to questions put to plaintiffs' witnesses.

"(3) Errors in refusal of certain requests to charge offered by plaintiffs.

"(4) Errors in the charge of the court.

"(5) Refusal of a new trial."

Section 10238, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12944), provides that, "in all civil cases each party may challenge peremptorily four jurors," etc. The action in this case was begun by summons, and service was first made on defendant Kludt, who appeared by Attorney Fred L. Vandeveer and filed a plea of the general issue. An alias summons was issued for defendant Koppin, and after he was served Mr. Vandeveer entered his appearance also for him. No plea had been filed by Koppin up to the time of the trial, and while a jury was being drawn a question arose as to how many peremptory challenges the defendants were entitled to; the plaintiffs' counsel

claiming that the defendants collectively were entitled to but four peremptory challenges. The court allowed Mr. Vandeveer to withdraw as attorney for defendant Koppin and permitted Mr. Moloney and Mr. Henze to appear for him. Six peremptory challenges were exercised by defendants' counsel after plaintiffs' counsel had but one peremptory challenge left. This was objected to, and is made the basis of an assignment of error.

There was no error in allowing four peremptory challenges for each of the parties defendant, which the statute clearly gives as a matter of right. There cannot be any question that the interests of these defendants were several, and they must be considered separately as parties to the suit. Each of them is entitled to the full number of challenges given by the statute as any other construction would do away with its clear intent. 17 Am. & Eng. Enc. Law (2d Ed.), p. 1182; *Stroh* v. *Hinchman,* 37 Mich. 490; *People* v. *Welmer,* 110 Mich. 248 (68 N. W. 141); *People* v. *Caruso,* 170 Mich. 137 (135 N. W. 968, Ann. Cas. 1914A, 857).

The errors relied upon with reference to the exclusion of testimony arose, it is claimed, from the following: Witness Hindeman, who was the conductor of the street car, was asked,

"Now from the time that you saw the automobile to the moment and the time that Mr. Levyn, or this gentleman whoever he was, got off the car, what opportunity did he have to get out of the way of that automobile?"

The witness answered, "None whatever." On motion, this answer was stricken out as a conclusion. For the same reason the court ruled out the answers of this witness to the following question:

"If he (Mr. Levyn) had looked in that direction

(south), what could he have done to have avoided the injury?"

And of witness Vinnett to this question,

"Could you tell from the rate of speed that that automobile was going whether it started up from a full stop at the intersection of Martin Place?"

We are of the opinion that the rulings of the court were proper and correct, as the questions clearly called for conclusions of the witnesses. No conditions were shown which called for knowledge not possessed by ordinary persons, and the jurors were just as able to draw their own conclusions from the conditions and facts presented to them as these witnesses. With reference to the question asked of witness Vinnett, it is also a matter of common knowledge that it would depend largely upon the type and power of an automobile as to how quickly it could attain a fast rate of speed after having been at a complete stop, and it does not appear that the witness possessed any special or particular knowledge of this type of car, or was otherwise qualified to answer the question.

We now come to the principal grounds for reversal urged by counsel for appellant, which are objections relative to the charge of the court. The defendant Koppin admits that he saw Mr. Levyn alight from the car, and that he was in the highway when struck. He was therefore in the roadway of a public highway and the defendant Koppin was approaching him. The duty of the defendant Koppin under this conceded statement of facts is prescribed by section 7, subd. 2, Act No. 318, of the Public Acts of 1909 (2 How. Stat. [2d Ed.] §§ 2487, 2493), and in consideration of this duty it was immaterial whether it was in a business district or a residence district. It was his duty to slow down to a speed not exceeding ten miles per hour, give reasonable warning of his approach,

and use every reasonable precaution to insure the safety of Mr. Levyn. The serious objection to the charge of the court is that the learned circuit judge did not instruct the jury, as requested by the appellants' counsel in their requests to charge, that a violation of a statute by the defendant would be negligence *per se,* in accordance with the holding of this court in *Westover* v. *Railway Co.,* 180 Mich. 373 (147 N. W. 630).

It is not claimed by the appellee that such an instruction was given by the court in exact language, but it is claimed that in effect the court did so charge in the following:

"As has been said by one of the judges in the State, and which has been approved, I understand, by the court, the owner of an automobile has the right to use the highways of this State, provided in using them he uses reasonable care and caution for the safety of others, and does not violate the law of the State. If the defendant operated his automobile on a public highway at such a high rate of speed as to prevent him from maintaining control of it, and the rate of speed is unreasonable, then he would be deemed to be negligent. In making use of a vehicle which is operable at a high rate of speed largely in excess of the ordinary vehicles of travel, and which is powerful and of great weight, the operator must enlarge to a commensurate extent the degree of vigilance and care necessary to avoid injuries which by the use of his vehicle is made more imminent. This is partly the language of the statute: It is unlawful for any person to drive a motor vehicle upon the public highways of this State during a period from one hour after sunset to one hour before sunrise without displaying lighted lamps, etc. But that is not in this case. When approaching a person walking in the roadway or public highway, the person operating the vehicle should slow down to a speed not exceeding ten miles an hour, give reasonable warning of his approach, and use every reasonable precaution to insure the safety of such person."

Later on in the charge he instructed the jury as follows:

"And if you find from the evidence in this case that the said defendant Koppin was operating the automobile driven by him in such a careful and prudent manner, as an ordinarily prudent person would, and that this accident occurred while he was so operating the said machine, then I charge you that the plaintiff in this case cannot recover, and your verdict should be for the defendants."

We are of the opinion that this language allowed the jury to find that if the defendant acted as an ordinarily prudent person, under all the circumstances, and an ordinarily prudent man might have violated the statute of the State of Michigan, either as to the rate of speed, neglect to sound warning, neglect to slow down, or neglect to take reasonable precaution, they might find the defendant free from negligence. As the question of the violation of this statute was the all-important question in the case, so far as defendant's negligence was concerned, the plaintiffs were entitled to a clear and explicit instruction as to the legal effect of a violation thereof by the defendant, and this, in our opinion, is not found in the charge of the court as given.

We have examined the other assignments of error as to the charge, refusal to grant a new trial, and newly discovered evidence; but, in view of the fact that the conclusion above arrived at necessitates a new trial, it will be unnecessary to consider them.

The trial court properly directed a verdict in favor of defendant Kludt, who was the owner of the automobile, but was not in the car at the time of the accident. Subdivision 3, § 10, of Act No. 318, Pub. Acts 1909, by which the owner might be held liable under such circumstances, was declared unconstitutional by.

this court in *Daugherty* v. *Thomas,* 174 Mich. 371 (140 N. W. 615, 45 L. R. A. [N. S.] 699).

The judgment is therefore affirmed as to the defendant Kludt, but reversed and a new trial granted as to the defendant Koppin.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.