No. 20,765.

THE STATE OF KANSAS, *Appellee*, v. FRANK LAKE et al.
(WALTER JONES, *Appellant*).

### SYLLABUS BY THE COURT.

CRIMINAL LAW — *Two Defendants — Jointly Tried — Peremptory Challenges—Waiver.* Notwithstanding that where two defendants are jointly tried for felony each is entitled to six peremptory challenges, yet if after each of the three challenges allowed the state is exercised (or waived) they collectively excuse two jurors, and make no offer to challenge others until all of the state's challenges are exhausted, they can not then claim the right to excuse three additional jurors apiece.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 11, 1916. Affirmed.

*J. E. Torrance*, and *O. W. Torrance*, both of Winfield, for the appellant.

*James A. McDermott*, county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Frank Lake and Walter Jones were convicted of burglary in the third degree, and the latter appeals.

A general objection is made to the information, but we find it to be sufficient. The instructions are also criticised, but we think they fairly presented the issues. The jury were told that the penalty was imprisonment in the penitentiary for not less than one nor more than five years. It is contended that this statement was inaccurate because the statute (Gen. Stat. 1909, § 2559) fixes no minimum. A minimum of one year, however, is provided elsewhere. (Gen. Stat. 1909, § 2791.)

A reversal is asked on the ground that the defendants were allowed but six peremptory challenges between them, while each was entitled to that number individually. The statute which provides that the defendant in an ordinary felony case shall be entitled to six peremptory challenges and the state to half that number, has been held to mean that where two defendants are tried together each may exercise six challenges, the state having but three altogether. (*The State v. Stokley*,

88 Kan. 381, 128 Pac. 189.)   The opinion in the case cited contains an intimation that if several defendants join in a challenge this may operate to reduce by one the number of challenges remaining to each.   The question whether a challenge jointly exercised has that effect is definitely presented here.   The record shows that after twelve jurors had been passed for cause the judge called upon the state to exercise its first peremptory challenge.   It waived it.   The judge then said "First for the defendants," and an attorney, who represented both defendants, challenged a juror.   The vacancy thus created having been filled, the judge continued: "Second for the defendants."   The defendants' attorney excused another juror.   The state was then called upon for its second challenge, which was waived, and this course was followed until six challenges had been made by the attorney for the defendants, who consulted with each of them several times during the process.   The court then ordered the jury to be sworn to try the case.   The defendants' attorney then demanded the right to excuse additional jurors, which was denied.

While each of several defendants on trial together is entitled to select six jurors to be peremptorily excused, there is no reason why they should not unite in the selection of any one or more of them if they should choose to do so.   And from the proceedings already narrated the defendants in this case must be deemed to have pursued that course.   They were in each instance called upon to exercise a challenge collectively, and did so.   If they had asked to make their challenges individually they would have been within their legal rights, and their request would doubtless have been granted.   Their failure to do so fairly implied an acquiescence in the treatment of each challenge as jointly made.   The rule thus enforced against the defendants is not a merely technical one, but is supported by a sound reason.   The civil code requires peremptory challenges to be exercised by the plaintiff and defendant alternately, each having an equal number, the former challenging first.   (Civ. Code, § 283.)   The criminal code follows the same rule, in the absence of a different provision (Crim. Code, § 208), but the fact that the prosecution has but half the number of challenges allowed the defendant requires the latter to exercise two challenges after each one exercised by the state.

It was, therefore, incumbent upon the defendants in this case, if they desired to excuse twelve jurors altogether, to prefer two challenges each, immediately after the state had exercised (or waived) one of its challenges. If the defendants were to be allowed to exercise six challenges while the state was using up its entire allotment, and could then excuse six more jurymen, six new men would be added to the panel, no one of whom could be challenged by the state otherwise than for cause. Such a disadvantage to the prosecution is not required by the statute.

The judgment is affirmed.