STATE OF IOWA V. MIKE COHEN, Appellant.

Circumstantial Evidence: INSTRUCTIONS. Where the evidence is wholly circumstantial, an instruction that the jury need not be satisfied beyond a reasonable doubt of each link in the chain of evidence relied on to establish guilt, it being sufficient if, taking the testimony all together, they are satisfied of guilt beyond such doubt, which instruction is repeated in substance, and no where limited or explained, is erroneous, as authorizing a conviction though an essential fact be not proved beyond a reasonable doubt. Such a charge is not equivalent to an instruction, that is not incumbent on the state to prove beyond a reasonable doubt every

circumstance offered in evidence and tending to establish a fact essential to conviction.

SAME. · While it is not necessary that each essential fact in the chain of circumstances solely relied on to connect the accused with the commission of the offense, when separately considered, should be found beyond reasonable doubt, yet if conviction depends entirely on different circumstances arranged linkwise, each and every link must be established beyond a reasonable doubt.

SAME. Such instruction is also erroneous as requiring the jury to pass on each fact separately.

REASONABLE DOUBT. An instruction defining a reasonable doubt as one that the jury are able to give a reason for is erroneous, as, in effect, placing the burden on defendant to furnish reasons for acquittal and as requiring jurors to give a reason for their conclusion.

SECONDARY EVIDENCE. In a prosecution for arson, a copy of a copy of an insurance policy covering the burned property is not admissible as secondary evidence, where no reason is shown for not introducing the copy from the original.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, APRIL 8, 1899.

FROM a judgment convicting him of the crime of arson, the defendant appeals.—*Reversed.*

*Mullan & Pickett* for appellant.

*Milton Remley,* Attorney General, and *S. B. Reed* for the State.

LADD, J.—The evidence was wholly circumstantial. The court, as the eleventh paragraph of the charge, gave this instruction: "The ruling requiring the jury to be satisfied beyond a reasonable doubt of the defendant's guilt, in order to warrant a conviction, does not require that the jury should be satisfied beyond a reasonable doubt of each link in the chain of evidence relied upon to establish the defendant's guilt. It is sufficient, if, taking the testimony all together, the jury are satisfied beyond a reasonable

doubt that the defendant is guilty." What the court doubtless intended to say was that it was not incumbent on the state to prove beyond reasonable doubt every circumstance offered in evidence, and tending to establish facts essential to conviction. If so intended, it would have been a correct statement of the law. And we may go further, and say that it is not necessary that each essential fact in the chain of circumstances solely relied on to connect the accused with the commission of the offense, when separately considered, be found beyond reasonable doubt. Such a fact, though having little to sustain it when standing alone, may derive such support from others immediately connected therewith as to exclude all doubt of its existence. Nevertheless, if conviction depends entirely on different circumstances, arranged linkwise, connecting the defendant with the crime charged, then each and every one of these must be established beyond a reasonable doubt; for no chain can be stronger than its weakest link. *Commonwealth v. Webster,* 5 Cush. 295 (52 Am. Dec. 711); *People v. Phipps,* 39 Cal. 333; *Crow v. State,* 33 Tex. Cr. R. 264 (26 S. W. Rep. 209); 2 Thompson Trials, 2511; Rice Evidence, p. 766; *People v. Aikin,* 66 Mich. 400 (33 N. W. Rep. 821); *Kollock v. State,* 88 Wis. 663 (60 N. W. Rep. 817). Not so, however, with the minor circumstances relied on by the state to establish the ultimate and essential facts upon which conviction depends. Some of these may fail of proof, and yet those essential to conviction be found from other evidence beyond reasonable doubt. But the linked arrangement of fact to fact, in cases of circumstantial evidence, is not always discernible. A guilty person is quite as frequently hemmed in by a throng of circumstances. As said in *Leonard v. Territory,* 2 Wash. 381 (7 Pac. Rep. 878): "Release from a chain comes when the weakest link gives away, but escape from a crowd does not necessarily depend on the presence or absence of one or another, or even, perhaps, the greatest number, of the individuals composing it."

If the jury could only have understood, from the phrase "link in the chain of circumstances," that such fact or circumstance was referred to as might tend to establish the ultimate facts and circumstances upon which conviction depended, then, though not approving of the use of metaphors in instructions, an exception would not be well founded. But the connection in which it was used does not require that construction, and we deem it the more likely to have been thought by the jury to refer to facts or circumstances essential to conviction, and which, according to all the authorities and sound reasoning, must be established beyond reasonable doubt. This instruction has been repeatedly condemned as erroneous by other courts. *State v. Furney,* 41 Kan. Sup. 115 (21 Pac. Rep. 216); *State v. Gleim,* 17 Mont. 17 (41 Pac. Rep. 998); *Marion v. State,* 20 Neb. 233 (20 N. W. Rep. 294, 289; 29 N. W. Rep. 911); *Graves v. People,* 18 Colo. Sup. 170 (32 Pac. Rep. 66, 63); *Leonard v. Territory, supra; People v. Aikin, supra; Clair v. People,* 9 Colo. Sup. 122 (10 Pac. Rep. 799). The reasoning in the last case is so concisely and perspicuously stated, that we quote with approval: "This figure of speech may perhaps be correctly applied to the ultimate and essential facts necessary to conviction in criminal cases, since, if one be omitted, or be not proven beyond reasonable doubt, an acquittal must follow. It is not true, however, that each and every of the minor circumstances introduced to sustain these ultimate facts must be proven with the same degree of certainty. Some of these circumstances may fail of proof altogether, and be discarded from consideration by the jury, yet the ultimate fact, to establish which they were presented, may be shown beyond a reasonable doubt. The evidence in cases similar to the one before us has been more aptly likened to a cable. One, two, or a half dozen strands may part, yet the cable still remain so strong that there is scarcely a possibility of its breaking. * * * It is true, in a sense, that every circumstance, however trivial, offered by the state in evidence, is relied upon; but it is true, in a

broader sense, that the state relies upon the ultimate facts or circumstances, the establishment of which is absolutely essential to conviction. We deem it quite as reasonable to suppose that the jury misunderstood and misapplied the language used, as that they comprehended its appropriate meaning and application." The supreme court of Illinois seem to have approved the instruction in *Bressler v. People,* 117 Ill. 422 (3 N. E. Rep. 522, 8 N. E. Rep. 62), when first before it but on reconsideration, it was pronounced inaccurate, though held to have done no harm. The charge was larceny of a note from a justice of the peace named Smith. The defendant testified that he paid it, and Smith thereupon delivered it to him, while the latter swore it had never been paid, and was not delivered. Circumstances were then proven tending to support the testimony of each, and this evidence is that to which the instruction must have been applied; that is, as said by the court, "only evidentiary facts tending to corroborate other evidence." In *Bradshaw v. State,* 17 Neb. 147 (22 N. W. Rep. 361), the instruction was held, in view of others not set out, not to refer to matters essential to be found in order to convict. Here the error is emphasized by repetition, in substance, though in different language, in the eighteenth paragraph of the charge; and by none is its meaning limited or explained. In *State v. Hayden,* 45 Iowa, 17, the following instruction was held to have been properly refused: "As the evidence in the case is wholly circumstantial, you must be satisfied beyond reasonable doubt of each necessary link in the chain of circumstances to establish the defendant's guilt." Such a metaphor, as we have seen, is not accurate, and is calculated to confuse, rather than enlighten, a jury. Nor should the jury be required to pass on each fact separately, though absolutely essential to conviction. On these grounds, and the further one that the rights of the accused were fully protected by the instruction given, the decision in that case may securely rest. It is there said: "It is not a

reasonable doubt of any one proposition of fact in the case which entitles to an acquittal. It is a reasonable doubt of guilt, arising upon a consideration of all the evidence in the case." This is no more than stating the rule that the facts should not be isolated and separately passed upon, but that all must be considered together in determining the main issue. This fully appears from subsequent cases. In *State v. Stewart*, 52 Iowa, 285, an instruction was condemned which advised the jury that it would be sufficient if one of the material averments of the indictment were "fully and clearly proven." In *State v. Hennessy*, 55 Iowa, 301, the court did not instruct that certain facts must be established beyond reasonable doubt, and it is said: "If the jury, in considering the whole case, have reasonable doubt upon any essential ingredient of the offense, this entitles a defendant to an acquittal, because it generates a doubt of guilt; and the general instruction upon reasonable doubt which is usually given need not be repeated in each instruction which relates to the facts of the case." In *State v. Clark*, 102 Iowa, 691, an instruction authorizing the jury to base the finding of certain facts on a preponderance of the evidence was held erroneous, though in another portion of the charge the court directed that all the material allegations of the indictment must be established beyond reasonable doubt. An examination of these cases demonstrates that this court has gone no further than to hold that the jury should not be required to pass on the essential facts separately, and that the general instruction with reference to the finding of guilt beyond reasonable doubt is sufficient. See *Tompkins v. State*, 32 Ala. 569.

II. Nor can we approve the fifth instruction as a safe definition of reasonable doubt: "By 'a reasonable doubt,' as herein instructed, is meant a doubt such as a reasonable man might entertain, after a careful review of all the evidence in the case, as to the guilt of the defendant. In a legal sense, a reasonable doubt is one which has some reason for its basis. It does not mean a doubt from mere caprice or groundless conjecture. A reasonable

doubt is such a doubt as the jury are able to give a reason for." The last clause is the one to which exception is taken. Who shall determine whether able to give a reason, and what kind of a reason will suffice? To whom shall it be given? One juror may declare he does not believe the defendant guilty. Under this instruction, another may demand his reason for so thinking. Indeed, each juror may in turn be held by his fellows to give his reasons for acquitting, though the better rule would seem to require these for convicting. The burden of furnishing reasons for not finding guilt established is thus cast on the defendant, whereas it is on the state to make out a case excluding all reasonable doubt. Besides, jurors are not bound to give reasons to others for the conclusion reached. *Siberry v. State,* 133 Ind. Sup. 677 (33 N. E. Rep. 681); *Cowan v. State,* 22 Neb. 519 (35 N. W. Rep. 405); *Morgan v. State,* 48 Ohio, 371 (27 N. E. Rep. 710); *Carr v. State,* 23 Neb. 749 (37 N. W. Rep. 632). In *People v. Stubenvoll,* 62 Mich. 329 (28 N. W. Rep. 883, a similar instruction was disapproved, but it was held, in view of the rule of that state, dispensing with any definition of the term, of no practical consequence in the case. We are still quite content with the definition contained in *State v. Ostrander,* 18 Iowa, 435, and the long line of cases following it.

III. A copy of a copy of an insurance policy covering the burned property was received in evidence over appellant's objection, after his failure, on due notice, to produce the original. No reason appears for not introducing the copy made from the original, and, in the absence of some showing for such omission, it was error to receive a copy made of the copy therefrom. See *Drumm v. Cessnun,* 58 Kan. 331 (49 Pac. Rep. 78); *Winn v. Patterson,* 9 Pet. 663.

IV. We discover no other error assigned, likely to arise on another trial. The instructions held to be erroneous were taken from Sackett's Instructions to Jurors. They derive no support from any of the cases in courts of last resort there cited.—REVERSED.