## BOWEN KLYCE *v*. STATE OF MISSISSIPPI.

1. HOMICIDE. "*Cruel and unusual manner.*" *Code* 1892, § 1158.

   Where the slayer shot the deceased with a pistol while the latter, the more powerful man of the two, was choking the former to death, the killing was not in a "cruel and unusual manner," within the meaning of code 1892, § 1158, defining manslaughter.

2. SAME. *Reasonable doubt. Definition.*

   The words "reasonable doubt," as used in the criminal law, define themselves. They refer to such a doubt in the minds of the jury and not in the mind of the prosecutor or court, and the jurors should not, by an instruction, be placed under compulsion to give or be able to state the reason which may raise a reasonable doubt in their minds.

3. SAME. *Having a deadly weapon.*

   A defendant, charged with a homicide, should not be convicted because he had a pistol on his person and carried it to the place of the conflict unless he had it with intent to make occasion for its use and to use it.

FROM the circuit court of Alcorn county.

HON. EUGENE O. SYKES, Judge.

The appellant, Bowen Klyce, was indicted for the murder of one Elmer McAfee; was convicted of manslaughter and sentenced to the penitentiary for a term of twenty-five years, from which he appealed to the supreme court. The evidence was conflicting as to who was the aggressor in the fight. The other facts are sufficiently stated in the opinion of the court. The instructions referred to in the opinion are as follows:

The first instruction given for the state:

"1. The court charges the jury that manslaughter is the killing of a human being without malice, in the heat of passion, but in a cruel and unusual manner, without authority of law and not in necessary self-defense, or the killing of a human

being in the heat of passion, without malice, by the use of a dangerous weapon, without the authority of law and not in necessary self-defense; and if the jury believe from the evidence, beyond a reasonable doubt, that the defendant so killed McAfee, they will return the following verdict: 'We the jury find the defendant guilty of manslaughter.' "

The third instruction given for the state:

" 3. The court charges the jury that while it is true that the state must make out its case beyond a reasonable doubt, yet it is also true that the doubt which should induce a jury to withhold a verdict of guilty must be a reasonable one, must be a doubt for which a reason can be given, a doubt which reasonably arises out of all the evidence in the case or from the want of evidence."

The twenty-first instruction asked by defendant and refused:

" 21. Every citizen of this state has a perfect right, under the laws thereof, to own arms and to use them in a lawful manner, and the mere fact that the defendant was in possession of a pistol at the time of the killing amounts to no evidence of his guilt, unless it is shown to the satisfaction of the jury that he had it at the time of the fatal difficulty, and intended to unlawfully use it in the conflict which resulted in the killing of the deceased."

*Monroe McClurg*, attorney-general, for appellee.

The appellant is guilty of murder, as shown by the evidence, and ought to congratulate himself that he was only convicted of manslaughter. The first instruction given for the state substantially follows the statute, and while it needlessly refers to a killing in a "cruel and unusual manner," yet this is clearly insufficient to warrant a reversal.

The instruction undertaking to define a reasonable doubt, if erroneous, should not cause a reversal. *Taylor* v. *State*, 52 Miss., 84; *Hale* v. *State*, 72 Miss., 140; *Fleming* v. *State*, 60 Miss., 434; *Knight* v. *State*, 74 Miss., 140; *Herman* v. *State*, 75 Miss., 340.

The twenty-first instruction asked by appellant and refused by the court below was too broad in its terms. While the possession of the pistol alone does not prove defendant's guilt, yet it was evidence from which, with the other facts in the case, the jury were to determine the defendant's guilt or innocence.

*W. J. Lamb*, for appellant.

The first charge given the state is a definition of manslaughter, and, while the charge is taken from the statute, yet the first part of it is wholly inapplicable to this case and was misleading, because there was no evidence to support this part of the charge. It tells the jury that manslaughter "is the killing of a human being without malice, in the heat of passion, but in a cruel or unusual manner, without authority of law and not in necessary self-defense." While this is technically true, it cannot have application in this case, as there is no proof, nor is there any attempt to prove, that Klyce killed McAfee in a cruel or unusual manner. *Layton* v. *State*, 56 Miss., 791; *Hogan* v. *State*, 46 Miss., 274; *Collins* v. *State*, 71 Miss., 691; *Fortenberry* v. *State*, 55 Miss., 403; *Green* v. *State*, 28 Miss., 688; *Evans* v. *State*, 44 Miss., 774.

The third charge attempts to give a definition of reasonable doubt. Such instructions have been condemned by this court, as will be seen by a reference to the following cases: *Brown* v. *State*, 72 Miss., 95; *Burt* v. *State*, 72 Miss., 410; *Webb* v. *State*, 73 Miss., 460; *Powers* v. *State*, 74 Miss., 779; *Hammond* v. *State*, 74 Miss., 214.

This charge falls under the same condemnation as the one given in the case of *Powers* v. *State*, 74 Miss., 779, wherein the court says: " 'Precept upon precept, line upon line, here a little and there a little,' is one method of inculcating legal truths, as it is of teaching spiritual truths, and we patiently and hopefully await the result of this method of winning bench and bar to a recognition of and acquiescence in the judgments of this court."

Such a definition of a reasonable doubt as the one given in this case has been condemned by a number of courts of last resort. *Siberry* v. *State*, 103 Ind., 677; *State* v. *Sauer*, 38 Minn., 438; *Roy* v. *State*, 50 Ala., 104; *Morgan* v. *State*, 48 Ohio St., 371; *Carr* v. *State*, 23 Neb., 749; *Cowan* v. *State*, 22 Neb., 519; *Commonwealth* v. *Webster*, 52 Am. Dec., 711, s. c. 19 Am. & Eng. Enc. L., 781; *Hamilton* v. *People*, 29 Mich., 194.

The court below erred in refusing to give charge No. 21, asked by the appellant. The charge as asked correctly stated the law applicable to the facts, and should have been given.

"A defendant in a criminal case is entitled to an instruction asked, embodying a principle of law applicable to his theory of the facts deducible from the whole evidence, even though such principle has already been stated in the abstract by another instruction, if there be in the evidence such basis for doubt as to entitle the accused to have his theory considered. It is better practice to charge the law as applied to the respective theories contended for, than to announce principles in the abstract." *Lamar* v. *State*, 64 Miss., 428; *Gerdine* v. *State*, 64 Miss., 801; *Aldridge* v. *State*, 59 Miss., 250.

Argued orally by *W. J. Lamb*, for appellant, and by *Monroe McClurg*, attorney-general, for appellee.

CALHOON, J., delivered the opinion of the court.

In this particular case we would not reverse because of the giving of the first instruction for the state. In many cases, however, a court might be compelled to reverse because of such a charge. We cannot see what that clause of the statutory definition of manslaughter in reference to killing in "a cruel and unusual manner" has to do with the case at bar. Shooting a man with a pistol while the man, who was much the more powerful, was, according to the testimony of the defense, choking the slayer to death, can hardly be called "a cruel and un-

usual manner." The second clause in the charge, under the statutory definition, about killing with a dangerous weapon was surely enough for the case, and the only one really applicable. Neither would we reverse in this case because of the giving of the third charge for the state, which defines a reasonable doubt as one for which "a reason can be given," though we can easily conceive of cases where reversal should be necessary because of this. Definitions of reasonable doubt should not be risked on criminal trials. Reasonable doubt is purely and simply a reasonable doubt. It is its own complete definition, and the accused is entitled to the verdict of twelve men, each of whom, on the whole evidence, must be free from any reasonable doubt in his own mind, not the mind of the prosecutor or the court; and he should be allowed to have his own conception of what a reasonable doubt is to him, not the prosecutor or the court; and he should not be under any legal compulsion to have to give, or be able to formulate and state, the reason which may raise a reasonable doubt in his mind and conscience. Suffice it to say that if he, in fact, have any, the accused is entitled absolutely to his vote on the verdict. But we must reverse because of the refusal of the twenty-first instruction asked by the defense. The killing was after preaching, on a Sunday, and after dispersal of the congregation except a party of young men remaining on the ground there. The accused had gotten in his buggy to go home, when he was jeered at by some of this party and subsequent developments resulted in the homicide. We intimate no opinion on the facts in evidence, but we do say that it was manifest error to refuse the defendant an instruction that he was not to be convicted of manslaughter because he had a pistol on his person, and attended the services with it, unless he had it with both a purpose to use it and to make occasion for its use. He was not on trial for carrying a concealed weapon, and he had given a reason for having it, which he was not bound to give.

*Reversed and remanded.*