THE STATE OF KANSAS v. JOHN PATTON.

No. 13,302.    (71 Pac. 840.)

SYLLABUS BY THE COURT.

CRIMINAL PRACTICE—*Instruction Defining "Reasonable Doubt."* In explaining the term "reasonable doubt" the court instructed the jury that it does not mean a mere possible or imaginary doubt arising from caprice or groundless conjecture; that it is "such a doubt as the jury are able to give a reason for," and that it is that state of the case which, after a comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the guilt of the defendant. *Held,* that the instruction was not erroneous.

Appeal from Wyandotte district court; E. L. FISCHER, judge. Opinion filed March 7, 1903. Affirmed.

*James S. Gibson*, county attorney, and *B. S. Smith*, for The State.

*C. W. Trickett*, for appellant.

The opinion of the court was delivered by

BURCH, J.: The appellant was convicted of carnally knowing a female under the age of eighteen years. The most meritorious assignment of error is that, in explaining reasonable doubt, the court instructed the jury that it is "such a doubt as the jury are able to give a reason for." In the same connection the court said that by a reasonable doubt is not meant a mere possible or imaginary doubt arising from caprice or groundless conjecture, and that "it is that state of the case which, after a comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the guilt of the defendant." Some other language was used, not well chosen and not of any assistance to the jury, but because merely inefficacious it was probably not prejudicial, and, hence, not ground for reversal. The question, therefore, is whether it was error to admonish the jury that a reasonable doubt is such a doubt as the jury are able to give a reason for.

The instruction given should be considered as an entirety. By so doing it is observable that in elucidation of the expression "reasonable doubt" the requirement of a reason for doubt is set over against capriciousness, conjecture, the indulgence of specula-

tion upon possibilities, and the invasion of the realm of imagination. Instructions presenting such a contrast have been approved in the following cases: *Hodge v. The State*, 97 Ala. 37, 12 South. 164, 38 Am. St. Rep. 145 ; *Vann v. The State*, 83 Ga. 44, 9 S. E. 945 ; *State v. Jefferson*, 43 La. An. 995, 10 South. 199 ; *The People v. Guidici*, 100 N. Y. 503, 3 N. E. 493 ; *State v. Harras*, 25 Wash. 416, 65 Pac. 774 ; *Wallace v. State*, 41 Fla. 547, 26 South. 713 ; *Butler v. The State*, 102 Wis. 364, 78 N. W. 590 ; *State v. Rounds*, 76 Me. 123 ; *State v. Serenson*, 7 S. Dak. 277, 64 N. W. 130.

Judges of the federal courts have frequently employed equivalent phrases in charging juries in criminal cases. (*United States v. Butler et al.*, 1 Hughes, 457 ; *United States v. Johnson*, 26 Fed. 682 ; *United States v. Jackson*, 29 id. 503 ; *United States v. Jones*, 31 id. 718.)

Similar instructions have been criticized, however, in a number of states. (*State v. Morey*, 25 Ore. 241, 36 Pac. 573 ; *State v. Sauer*, 38 Minn. 438, 38 N. W. 355 ; *People v. Stubenvall*, 62 Mich. 329, 28 N. W. 883 ; *Morgan v. The State*, 48 Ohio St. 371, 27 N. E. 710 ; *Klyce v. State*, 78 Miss. 450, 28 South. 827.)

Like charges have been declared to be erroneous in the following cases : *Siberry v. The State*, 133 Ind. 677, 33 N. E. 681 ; *Avery v. The State*, 124 Ala. 20, 27 South. 505 ; *State of Iowa v. Cohen*, 108 Iowa, 208, 78 N. W. 857, 75 Am. St. Rep. 213 ; *Carr v. State*, 23 Neb. 749, 37 N. W. 630.

The theory of the instruction is tersely and accurately put in *Butler v. State*, supra, where it was said :

"The phrase assailed is not an incorrect method of stating the distinction between that measure of uncertainty which justifies an acquittal and the mere fanciful, unfounded, speculative doubt which can always be raised, even as to the existence of facts most obvious to our senses. A doubt cannot be reasonable

unless a reason therefor exists, and, if such reason exists, it can be given.''

The objection to such a charge has been considered, and the reasons for its validity well stated, by the courts of Florida and New York.

In *Wallace v. State*, supra, it was said :

''In this state we have held that the doubt authorizing an acquittal is a reasonable, sensible one, not an unreasonable, capricious, whimsical, speculative, imaginary or forced one, or a mere possible one or one which is suggested or engendered by something outside of the evidence. . . .  This instruction puts no burden upon the defendant to furnish the jury with a reason, but it requires the state to satisfy the jury of defendant's guilt to such an extent as to leave their minds without a doubt that defendant may be innocent, for which they can give an intelligent reason.  Of course, the jury are not required to state reasons for their verdict, but they are nevertheless required by the law and by their duties as jurors to act in the jury-box as reasonable beings, and to exercise their reasoning faculties in passing upon the life or liberty of accused persons.  If they entertain a doubt, they must, as reasonable men, know upon what that doubt is based, and they are required to examine into the nature and origin of the doubt far enough to ascertain that it is a reasonable one.  And if it be found that no intelligent reason can be given for entertaining a doubt, how can the conscience of the jury be satisfied with the verdict of acquittal, resting, as it does, under a solemn duty to convict, where the evidence convinces them of guilt to that extent as to leave no reasonable doubt upon their minds.  To authorize acquittal because of some vague, undefined, unintelligible or inexplicable misgiving, is to eliminate the word 'reasonable' from the definition.''

In *The People v. Guidici*, supra, it was said :

''The criticism is limited to the definition given of a reasonable doubt, and aimed at that portion where,

by way of paraphrase, the trial judge said : 'A doubt for which some good reason arising from the evidence can be given.' It should read with the whole sentence of which it forms a part, and, so taken, seems only to distinguish that doubt which would avail the prisoner from one which is merely vague and imaginary. The jury were not called upon to formulate and state their reasoning, but in substance to view all the circumstances from which an inference was to be drawn, and inquire whether, consistently with the truth of the whole, the prisoner might not be innocent.''

While most discussions of reasonable doubt which venture beyond the restraint of a few fixed forms of expression end in maundering logomachies, an admonition to the jury of the kind in question may, upon infrequent occasions, subserve a useful purpose. It may prevent untrained jurymen from acting under the belief that mere possibility and surmise are sufficient to justify an acquittal, and it may serve to check arbitrariness. Many men take a strange pleasure in acting as they will. Indulgence of this passion is felt to bring augmentation of power, and finally will becomes its own reason. When pressed to justify himself in the jury-room, such an individual must resort to the vague and the sophistical, and is soon exposed. Apropos to this subject, in Thompson on Trials, volume 2, section 2476, Austin Abbott is quoted as follows :

''The advantage of this test is that it gives the jurors something to corner an unreasonable dissentient with. Few phrases have had more labor and skill expended in the task of fitting them with a definition than this very one of reasonable doubt; but nearly if not all the resulting paraphrases have been metaphysical equivalents, more or less exact, but equally indeterminate to the common mind. Every obstinate minority juryman can shake his head and affirm that he is exercising guarded discretion, that the evidence

does not command his moral conviction, and the like ; but when his fellows can press him for a reason for his doubt, they have at least a chance of making him reasonable, for he must then justify his position intelligbly.''

It cannot be said that any error was committed by the trial court in giving the instruction complained of.

The appellant further claims that the district court erred in overruling his motion for a new trial. A discussion of this question at the length required, if entered upon at all, would subserve no useful purpose. No principle of law is involved, and it is sufficient to say that it has been given the consideration its importance demands, and the ruling of the trial court will not be disturbed.

The judgment of the district court is therefore affirmed.

JOHNSTON, C. J., SMITH, CUNNINGHAM, GREENE, JJ., concurring.

BURCH, J. ( dissenting) : The view of the law relating to reasonable doubt presented in the foregoing opinion is not my own. It was sufficient for the trial court to say to the jury that they were not to be governed by caprice and conjecture in order to protect against all the evils of such conduct, and to go beyond this, and make a reasonable doubt such a doubt as the jury are able to give a reason for, amounted, in my opinion, to positive misdirection.

There is no escape for any juror, entertaining a reasonable doubt, from voting for conviction, unless he can formulate and express a reason for his doubt, and this is true even though, after a consideration and comparison of all the evidence, his mind is left in that condition that he cannot say he feels an abiding con-

viction, to a moral certainty, of the guilt of the defendant.

There is that in doubt which, of itself, disables speech. We all feel what we cannot express. We all hold doubts which agitate us to the depths, and yet the voice lacks power to give them utterance. Still this dumb doubt in conscientious minds remains an all-sufficient safeguard to conduct amid perils with which imperious reason cannot cope. By the decision of the majority this common state of mind is banished from the jury-room in criminal cases. The deliberate, prudent, careful, considerate man, weighted with the sense of doubt, conscious of the fallacies in the argument which he cannot expose, must yield because he cannot talk. He must be able forthwith to unpack his mind and conscience at the challenge of any pertinacious coxcomb for "reasons," or vote for conviction. If he should lack the glib and oily art to heave his heart into his mouth, he must convict against his reasonable doubt. This ought not to be the law. Doubt sits upon no seat of penance in the jury-room, and ought not to be exposed to any such inquisitorial scourge as this instruction appoints.

The following discussions of the question present reasons which I regard sufficient for condemning the instruction.

"Like many other definitions of the term which have been given, it does not define, but itself requires definition. The most serious objection to it is that it is liable to be understood as meaning a doubt for which a juror could express or state a reason in words. A juror may, after a consideration and comparison of all the evidence, feel a reasonable doubt as to the guilt of a defendant, and yet find it difficult to state the reason for the doubt. . . . A man is the best judge of his own feelings, and he knows for himself

The State v. Patton.

whether he doubts better than any one else can tell him." (*State v. Sauer*, 38 Minn. 438, 38 N. W. 355.)

"Reasonable doubt is purely and simply a reasonable doubt. It is its own complete definition, and the accused is entitled to the verdict of twelve men, each of whom, on the whole evidence, must be free from any reasonable doubt in his own mind, not the mind of the prosecutor or the court; and he should be allowed to have his own conception of what a reasonable doubt is to him, not the prosecutor, or the court; and he should not be under any legal compulsion to have to give, or be able to formulate and state, the reason which may raise a reasonable doubt in his mind or conscience. Suffice it to say that if he, in fact, have any, the accused is entitled absolutely to his vote on the verdict." (*Klyce v. State*, 78 Miss. 450, 454, 28 South. 827, 828.)

"What kind of a reason is meant? Would a poor reason answer, or must the reason be a strong one? Who is to judge? The definition fails to enlighten, and further explanation would seem to be needed to relieve the test of indefiniteness. The expression is, also, calculated to mislead. To whom is the reason to be given? The juror himself? The charge does not say so. And jurors are not required to assign to others reasons in support of their verdict." (*Morgan v. The State*, 48 Ohio St. 371, 377, 27 N. E. 710, 712.)

"'A reasonable doubt is such a doubt as the jury are able to give a reason for.' The last clause is the one to which exception is taken. Who shall determine whether able to give a reason, and what kind of a reason will suffice? To whom shall it be given? One juror may declare he does not believe the defendant guilty. Under this instruction, another may demand his reason for so thinking. Indeed, each juror may in turn be held by his fellows to give his reasons for acquitting, though the better rule would seem to require these for convicting. The burden of furnishing reasons for not finding guilt established is thus cast on the defendant, whereas it is on the state to make out

a case excluding all reasonable doubt. Besides, jurors are not bound to give reasons to others for the conclusion reached." (*State of Iowa v. Cohen*, 108 Iowa, 208, 213, 78 N. W. 857, 858, 75 Am. St. Rep. 213.)

"Again, in the fifty-fifth instruction the jury is told that 'A reasonable doubt is such a doubt as the jury are able to give a reason for.' The term reasonable doubt would seem to imply a doubt for which there was a reason, but, when analyzed and considered in the connection in which it is used in a criminal case, it seems to us that this definition is erroneous and misleading. It is possible that the term 'beyond a reasonable doubt,' which·has crept into the criminal law as expressing the degree of certainty with which the guilt of the accused shall be proven to justify a conviction, is not as comprehensive as some other language would be ; that the term of itself is uncertain. We have a doubt in relation to things for which we can give no reason and of which we have imperfect knowledge. It is the want of sufficient knowledge in relation to the facts constituting the guilt of the accused that causes the juror to doubt. It is the want of information and knowledge that creates the doubt. This court has said, in effect, that to justify a conviction the evidence must satisfy each juror of the guilt of the accused with such a degree of certainty as he would not hesitate to act in matters of the highest importance to himself, affecting his dearest and nearest interests, under circumstances where he was not compelled to act, but was free to act or not, as he deemed proper. It is the lack of information and knowledge satisfying the members of the jury of the guilt of the accused with that degree of certainty required by the law which constitutes a reasonable doubt, and if jurors are not satisfied of the guilt of the accused with such degree of certainty as the law requires, they must acquit, whether they are able to give a reason why they are not satisfied to that degree of certainty or not. . . .

"A juror is presumed to act honestly under the solemnity of his oath, with a view of reaching a cor-

rect conclusion as to the guilt or innocence of, the accused.  When he has done so, if he is not satisfied of his guilt with that certainty which would cause him to act unhesitatingly in matters of the highest importance to himself, affecting his dearest interests, in such case the law says he shall not convict, because the proof is not sufficient to satisfy the mind of the juror with that certainty upon which alone he shall convict.  Where this state of mind exists, the juror has what is termed in the law a reasonable doubt of the guilt of the accused, though the juror may not be able to give a reason for such doubt, except he might say the evidence is not sufficient to satisfy me of the guilt of the accused with the certainty required by the law, but that is no reason for the doubt.  It is but a reason why the accused should not be convicted.  Such an instruction as the one we are considering can, we think, only lead to confusion, and to the detriment of the defendant.  A juror may say he does not believe the defendant is guilty of the crime with which he is charged.  Another juror answers that if you have a reasonable doubt of the defendant's guilt, give a reason for your doubt.  And, under the instruction given in this cause, the defendant should be found guilty unless every juror is able to give an affirmative reason why he has a reasonable doubt of the defendant's guilt.  It puts upon the defendant the burden of furnishing to every juror a reason why he is not satisfied of his guilt, with the certainty which the law requires, before there can be a conviction.  There is no such burden resting on the defendant or a juror in a criminal case.''  (*Siberry v. The State*, 133 Ind. 677, 688, 33 N. E. 681, 684.)

Mr. Justice POLLOCK and Mr. Justice MASON join with me in this dissent.