The State v. Chafin.

---

THE STATE OF KANSAS v. MILO CHAFIN.

No. 16,351.

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Adultery.* Under section 2221 of the General Statutes of 1901 the crime of adultery can not be committed by an unmarried person.

Appeal from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed July 3, 1909. Affirmed.

*Fred S. Jackson,* attorney-general, and *Ray H. Beals,* county attorney, for The State.

*T. W. Moseley,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: An information was filed in the district court of Stafford county charging one Flossie Jordan, a married woman, and Milo Chafin, an unmarried man, jointly, with having committed adultery with each other. Milo Chafin moved to quash the information so far as he was concerned for the reason that an unmarried person can not commit the crime of adultery in this state. The motion was sustained, and he was discharged. The state reserved the question for review, and brings it to this court.

It is contended by the state that when either of the parties accused of this crime is a married person the offense charged is adultery as to both. It is insisted by the defendant that the crime charged can only be committed by a married person, and where one of the parties accused is unmarried the offense is fornication as to such person.

The statute merely prohibits adultery. (Gen. Stat. 1901, § 2221.) The meaning of the word must be sought for elsewhere. In Bouvier's Law Dictionary it is thus defined:

"The voluntary sexual intercourse of a married person with a person other than the offender's husband or wife. Bishop, Mar. & D. § 415; 6 Metc. 243; 36 Me. 261; 11 Ga. 536; 2 Strobh. Eq. 174.

"Unlawful voluntary sexual intercourse between two persons, one of whom, at least, is married, is the essence of the crime in all cases. In general, it is sufficient if either party is married; and the crime of the married party will be adultery, while that of the unmarried party will be fornication. 1 Yeats, 6; 2 Dall. 124; 5 Jones, N. C. 416; 36 Me. 205; 27 Ala., n. s., 23; 35 Me. 205; 7 Gratt. 591; 6 Gratt. 673; 96 Ala. 78."

Webster's International Dictionary gives the following definition:

"The unfaithfulness of a married person to the marriage bed; sexual intercourse by a married man with another than his wife; or voluntary sexual intercourse

by a married woman with another than her husband. It is adultery on the part of the married wrong-doer. The word has also been used to characterize the act of an unmarried participator, the other being married. In the United States the definition varies with the local statutes."

In the third edition of Bishop on Statutory Crimes, in treating this offense, it is said:

"Although adultery was not punishable in the English common-law courts, it was in the ecclesiastical; and it was ground also for divorce from bed and board. The word, therefore, had acquired a precise legal meaning; and, for reasons already explained, the courts, in interpreting the new statute, should give it this established meaning. . . . . Adultery is the voluntary sexual intercourse of a married person with one not the husband or wife." (§ 654a.)

"In all cases where one of the parties to the act of criminal intercourse is married and the other is not, it is adultery in the married party and fornication in the unmarried. Such, by the superior weight of the adjudications, the doctrine is believed to be." (§ 656.)

Many states have modified this definition by statute, and for this reason there seems to be a want of harmony in the decided cases.

A somewhat different . phase of this question was considered by this court recently in the case of *Bashford v. Wells*, 78 Kan. 295. It is reported in 18 L. R. A., n. s., 580, where an interesting note is given in which the cases are extensively collected and the decisions classified. There is also a similar collection of cases in volume 1 of Words & Phrases Judicially Defined, at pages 212 *et seq.*

It will be seen that throughout the cases where this question has been decided free from any statutory definition or modification the prevailing idea seems to be that the crime of adultery should be preserved in its ancient and original meaning. We see no reason for departing from these cases. It may perhaps be worthy of note that the legislature adopted the single word "adultery" when creating this crime, as though

it had an established and well-understood meaning, which required no further explanation or definition. It may be said, therefore, that there is some legislative sanction for adhering to the long-established idea that this offense was originally designed solely for the protection of the marriage relation, and can only be committed by a married person.

We think the judgment of the district court is correct, and it is affirmed.