THE STATE OF KANSAS, *Appellee*, v. JACK MOBERLY, *Appellant*.

No. 18,784.        .

SYLLABUS BY THE COURT.

1. ROBBERY—*Amendment to Information After Plea—Not Prejudicial Error.* A conviction for robbery will not be set aside merely because an amendment to the information, setting out the ownership of the property taken, was allowed after the defendant had pleaded to an original information in which such allegation was omitted.

2. CROSS-EXAMINATION—*Discrediting Witness — Judicial Discretion.* The scope of cross-examination as to the past conduct of a witness, for the purpose of discrediting him, is largely discretionary, and in this case the discretion was not abused.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed November 8, 1913. Affirmed. .

*Ed. J. Fleming,* of Arkansas City, for the appellant.

*John S. Dawson,* attorney-general, and *O. P. Fuller,* county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Jack Moberly was convicted of robbery in the first degree, and appeals.

The original information omitted to state the ownership of the property taken. A motion to quash was overruled and the defendant entered a plea of not

guilty. Afterwards the county attorney, upon leave granted by the court, filed an amended information, which supplied this deficiency. The defendant was then required to plead to the new information, and did so. Complaint is made of the allowance of this amendment after the defendant had pleaded. The statute reads:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave. The information may be amended on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the rights of the defendant." (Crim. Code, § 72.)

In an information for robbery the ownership of the property is required to be stated, in order to negative the idea that the defendant took his own property. (34 Cyc. 1803.) The original information charged that the property was taken "unlawfully and feloniously," and that robbery was committed, so that the idea referred to was inferentially negatived, and the amendment was of form rather than of substance. In any event, as the defendant was given an opportunity to plead to the new information, he suffered no prejudice, and no error was committed that would warrant a reversal. (Crim. Code, § 293.)

The principal witness for the state was cross-examined as to his past conduct, with a view to impeaching his credibility. He admitted a number of discrediting acts. The court placed a limit upon the cross-examination in this regard, ruling out some of the questions asked. The scope of inquiry to be allowed in a particular case is largely discretionary (*Cockrill v. Railway Co.*, ante, p. 650, and it can not be said that in this instance the discretion was abused.

Other questions regarding the admissibility of testimony have been examined, but are not thought to require separate discussion.

The judgment is affirmed.