No. 19,034.

THE STATE OF KANSAS, *Appellee,* V. ARTHUR H. LING,
*Appellant.*

SYLLABUS BY THE COURT.

1. ADULTERY—*One Party Thereto Charged and Tried Separately.* One party to an act of adultery may be charged and tried without joining the other.

2. SAME—*Change in Information Not Prejudicial Error.* A verbal change, unsubstantial in character, made in certain counts of an information more than two years after the commission of the offense, together with reverification without refiling, did not bring into operation the statute of limitations as to another count left unchanged on which alone conviction was had.

3. SAME—*How Adultery Should be Charged—Competent Evidence to Prove.* In this state voluntary illicit intercourse between two persons, one married and the other single, is adultery in the former and fornication in the latter, and hence to charge adultery it is not necessary to allege that the paramour was a married person. But when such charge is made the marriage may be proved by any competent evidence, direct or indirect, and in this case the testimony, including that of the husband to the marriage ceremony and a showing of a subsequent divorce, was sufficient to warrant a finding that the parties were married.

4. PHOTOGRAPH—*Competent Evidence.* A photograph or a copy thereof is receivable in evidence when it is shown to look like the person or object sought to be identified.

5. ADULTERY—*Competent Evidence to Prove.* In a prosecution for adultery it is competent to show to what extent the parties associated together for several months before and after the date of the alleged offense.

6. REASONABLE DOUBT—*Definition.* It is not error to give substantially the definition of reasonable doubt approved in *The State v. Patton,* 66 Kan. 486, 71 Pac. 840.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed February 7, 1914. Affirmed.

*W. S. Kenyon,* of Jetmore; *G. P. Aikman,* and *C. L. Aikman,* both of El Dorado, for the appellant.

*John S. Dawson,* attorney-general, and *George J. Benson,* county attorney, for the appellee; *Albert H. Wilson,* of Jetmore, of counsel.

The opinion of the court was delivered by

WEST, J.: The defendant was charged in the first count of the information with the offense of adultery committed with a married woman therein named. The second count charged lewd and lascivious cohabitation; the third, open and gross lewdness; and the fourth, unlawfully living with the woman as man and wife. He appeals from a conviction on the first count only, and assigns as error the failure to join the woman, the ruling of the court touching the statute of limitations, and in the admission of evidence and in giving certain instructions.

It is urged that the offense of which the defendant was convicted could not be committed by him alone, and therefore he could not be charged and prosecuted alone. The decision in *The State v. Hook,* 4 Kan. App. 451, 46 Pac. 44, is cited. It was therein held that an information charging lewd and lascivious abiding and cohabiting must join both parties unless one of them be unknown or dead, and that such charge against the man alone is bad. But this court in *The State v. Learned,* 73 Kan. 328, 85 Pac. 293, a case involving the offenses of rape and incest committed by the same act, held that one of the two offenders jointly charged could be tried separately, and disapproved the decision in the Hook case. Our statute (Gen. Stat. 1909, § 2718) does not define adultery, but it has been held that it can not be committed by an unmarried person, and that when illicit intercourse is had between two persons, one married and the other single, it is adultery in the former and fornication in the latter (*Bashford v. Wells,* 78 Kan. 295, 96 Pac. 663; *The State v. Chafin,*

The State v. Ling.

80 Kan. 653, 103 Pac. 143). In the Chafin case the information charging adultery between a married woman and a single man was quashed on the motion of the latter because adultery can not be committed by an unmarried person in this state, and this ruling was upheld. As both can not be charged jointly with adultery we see no reason why the one married may not be charged and tried separately, and the authorities holding that he can be so charged and tried are numerous. (1 Cyc. 955; Bishop on Statutory Crimes, § 670; 2 Wharton's Criminal Law, 10th ed., § 1730; *The State of Iowa v. Dingee,* 17 Iowa, 232, and cases cited; *State v. Searle,* 56 Vt. 516, and cases cited; *The State v. Nelson,* 39 Wash. 221, 81 Pac. 721; see, also, *The State v. Dreany,* 65 Kan. 292, 69 Pac. 182.)

The information was filed March 7, 1913, charging the adultery as having been committed March 16, 1911, the other counts being confined to March 16 and March 14, 1911. On June 16, 1913, certain verbal changes were permitted to be made in the second and third counts, and the information was then reverified but not refiled, no change having been made in the first count. The defendant contends that when these changes were made and the information was reverified the old one was *functus officio,* and the new or amended one should have been refiled, which would bring the charge more than two years subsequent to the commission of the alleged offense and, therefore, entitle him to a discharge on the ground that the statute of limitations had run. If, however, instead of four counts there had been four informations the amendment of certain ones would not have affected the others, and whether the verbal changes permitted amounted to a material amendment or not they did not in any wise change the first count, the only one under which conviction was had, and it would seem like an extremely technical ruling to hold that reverification and failure to refile destroyed the original information, or the first

count thereof. *The State v. Oliver,* 55 Kan. 711, 41 Pac. 954, is cited. There the information was amended by giving a different date to the alleged offense, the one first stated being later than the date of the information, and it was said that it was necessary that the information as amended should be verified, and the filing thereafter was proper. The trial was upon the amended and not upon the original charge, hence the objection to the former was held to be without avail. *Brown v. State,* 4 Okla. Crim. Ct. xiii, 115 Pac. 615, is relied on by the defendant to support his contention. In that case there was an original information charging an offense on one date and an amended information charging it on a later date, and after the overruling of a demurrer to the latter the defendant was tried on the former and this was held to be erroneous. It was also held that by filing the amended information before plea the original was set aside and abandoned, a statute there in force requiring the state to try but one alleged criminal transaction at a time being also considered. But there the information contained but one count and was not amended, and another document called an amended information was filed, thus presenting a situation materially different from the one under consideration. If the first information had been quashed the statute of limitations would still have been tolled during its life, and a new one could have been filed at the time the amendment was made. (*The State v. Child,* 44 Kan. 420, 24 Pac. 952.) In *The State v. Moberly,* 90 Kan. 837, 136 Pac. 324, we refused to set aside a conviction for robbery merely because an amendment to the information setting out the ownership of the property was allowed after plea to an original information omitting such allegation, except inferentially, and the changes here involved are found to have been even less material than the one there considered.

The State v. Ling.

It is suggested that the husband of the woman involved in the charge was an incompetent witness. Even if his wife had been "the accused," he could have testified voluntarily either for or against her, and certainly under the circumstances he was a competent witness. (Crim. Code, § 215.) The statute on which the decision in *People v. Fowler,* 104 Mich. 449, 62 N. W. 572, cited by counsel, was based expressly forbade the husband to testify.

Complaint is made that a copy of a photograph was received in evidence without a preliminary showing as to circumstances and conditions under which the original or the copy was taken. But here the essential foundation was laid by testimony that the copy looked like the person whose identity was sought to be established, and this was sufficient. (*Shorten v. Judd,* 56 Kan. 43, 48, 42 Pac. 337; *People v. Loper,* 159 Cal. 6, 112 Pac. 720, 23 A. & E. Ann. Cas. 1193; *Dedrichs v. Railroad Co.,* 14 Utah, 137, 46 Pac. 656, 35 L. R. A. 802; 1 Wigmore on Evidence, §§ 790-794.)

Objections to evidence touching certain apparel found in a room where the offense was supposed to have been committed, and to testimony concerning a certain hotel register, were overruled, but an examination discloses no error in such ruling.

It is urged that the testimony of the marriage of the woman to the witness claiming to be her husband was insufficient to establish it. It is hardly necessary to consider this matter, for the reason that the defendant's guilt in no wise depended on the question whether his paramour was married or single. But we think the evidence was sufficient and competent. (*The State v. Hughes,* 35 Kan. 626, 12 Pac. 28; *The State v. Pendleton,* 67 Kan. 180, 72 Pac. 527.)

Testimony that the parties were seen together at various places a few months before and after the alleged commission of the offense was received over the defendant's objection, and it is insisted that this was

both incompetent and prejudicial. It would seem, however, on principle, that such prior and subsequent association together would shed some light on their relations and mutual sentiments at the time charged, the weight of such evidence being for the jury, and such is the rule. (1 Wigmore on Evidence, §§ 395-399; 4 Elliott on Evidence, § 2796; 1 Cyc. 961; 1 A. & E. Encycl. of L. 754; *The State v. Briggs,* 68 Iowa, 416, 27 N. W. 358; *People v. Girdler,* 65 Mich. 68, 31 N. W. 624; *State v. Snowden,* 23 Utah, 318, 65 Pac. 479; *State v. Nelson,* 39 Wash. 221, 81 Pac. 721.) The county attorney stated what he expected to show concerning a certain transaction between the accused and the paramour's husband, and this, with an instruction relative thereto, is criticised. But the evidence by way of admissions by the husband when on the stand so nearly justified both the statement and the instruction that no material prejudice resulted.

The trial court undertook the doubtful task of clarifying the meaning of reasonable doubt, and it is urged that the definitions were so worded as to deprive the defendant of the benefit of the protection of a reasonable doubt correctly defined. But, taking together the different expressions used, it appears that the court substantially followed the guide furnished by *The State v. Patton,* 66 Kan. 486, 71 Pac. 840, and, this having been since approved (*The State v. Wolfley,* 75 Kan. 406, 89 Pac. 1046, 93 Pac. 337; *The State v. Shufeldt,* 86 Kan. 975, 122 Pac. 895), it will not now be rejected.

The charge as to the sort of proof necessary to establish guilt is criticised, but no specific ground for the criticism is pointed out, and none suggests itself.

Still other complaints are made, and they have all been examined and considered, with the result that no substantial error appears.

The defendant's cause has been vigorously presented by able counsel, but the adverse verdict reached, after considering sufficient evidence under proper instructions, can not be disturbed.

The judgment is affirmed.