## EDDIE BROWN v. STATE.

No. A-3775. Opinion Filed Jan. 16, 1923.
(211 Pac. 520.)

(Syllabus.)

**Indictment and Information—Filing of Substituted Information for Misdemeanor Without Objection.**—When a misdemeanor is charged, the filing of a substituted information in the presence of the accused, without any objection on his part, is sufficient to put the accused on trial on such new accusation, and operates as an abandonment of the former accusation.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Eddie Brown was convicted of selling whisky, and he appeals. Affirmed.

S. A. Horton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. On September 5, 1919, defendant, Eddie Brown, was by information charged with selling intoxicating liquor to L. B. White, in the Kingkade Hotel in Oklahoma City on September 4, 1919. On September 9, 1919, he was arrested and executed a bond for his appearance. On October 7, 1919, by leave of court, an amended information was filed, charging a sale of liquor to L. B. White at the Kingkade Hotel on October 4, 1919. On October 10, 1919, the defendant entered his plea of not guilty to the amended information. On the 5th day of February, 1920, the defendant, without any objection to the substituted accusation, announced ready for trial, and at the trial was found guilty as charged in the amended information. His punishment was assessed at a fine of $500 and six months' imprisonment in the county jail.

Defendant says this case should be reversed because after the original information was filed and after his arrest and

making bond for his appearance an amended or substituted information was filed, charging an offense committed subsequent to the filing of the first information, though **prior to the filing** of the second.

This being a misdemeanor, where no preliminary trial is required, the court at the time of the filing of the amended information had jurisdiction of the person of the defendant and of the offense originally set out. The filing of an amended or substituted information charging a different, subsequent offense, though of the same character and import as that charged in the original, was equivalent to an abandonment of the original charge and the substitution of a new action, the same as a new charge, separately filed and numbered. Strictly speaking, this designation "amended information" was a misnomer. It was in reality a new or substituted information. An information is quashed and abandoned by the filing of a new information. Brown v. State, 5 Okla. Cr. 567, 115 Pac. 615, cited with approval in State v. Ling, 91 Kan. 650, 138 Pac. 582, Ann. Cas. 1915D, 374; 22 Cyc. 275.

The defendant was in court and interposed no objection to the information being so changed, on the grounds of surprise or otherwise, and entered his plea of not guilty and months later announced ready for trial. Under such circumstances it would be useless and unnecessary to rearrest a defendant already in custody. A warrant for the arrest and apprehension of the accused must be predicated upon an affidavit of some person who deposes to the facts. Such an affidavit is not a condition precedent to the filing of an information. Hence, when a misdemeanor is charged, the filing of a substituted information in the presence of the accused, without any objection on his part, is sufficient to put the accused

on trial on such new accusation, and operates as an abandonment of the former accusation.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.